## George Monson v. The State.

### No. 2621.   Decided June 23, 1903.

**1.—Jury and Jury Law.**

When a full jury had been accepted, after challenges by both the State and the defendant and had taken their place in the jury box apparently qualified, but had not been sworn, the State, by permission of the court, challenged two of the said jurors for cause, because they did not reside in the county in which the trial was had, and that the State's attorney had not been aware of this fact when passing upon their qualifications; Held not error, although both parties had announced ready for trial.

**2.—Carrying Pistol.**

A person partly in control of premises where people had assembled for amusement, who was not a peace officer at the time, had no right to carry a pistol under the exemptions of articles 320 and 321, Penal Code.

**3.—Same—Charge of Court.**

It is not error to refuse a charge, in a trial for manslaughter, that defendant had a right to carry a pistol on premises over which he had control and upon which the difficulty occurred in which the deceased was struck, and that such fact was not evidence of an unlawful act, where the evidence also showed that said premises were used at the time as a picnic ground.

**4.—Self-Defense.**

A charge of the court on the law of provoking the difficulty and imperfect right of self-defense, which fails to go to the extent of stating the converse of such proposition, not error in the absence of a bill of exception, or exception in motion for new trial.

Appeal from the District Court of Travis.   Tried below before the Hon. R. L. Penn.

Appeal from a conviction of aggravated assault under an indictment for murder.   This is the second appeal—Monson v. State, 2 Texas Ct. Rep., 925.   The first trial resulted in a conviction for manslaughter, whereupon the defendant appealed and the cause was reversed and remanded for another trial, which resulted in a fine of $200.

The evidence is conflicting and largely circumstantial as to whether defendant and others were acting together and with a common purpose and in pursuance of a previously formed design with the intention on the part of defendant and others to provoke a personal conflict or difficulty between them and the deceased.   Defendant insisted that there was no evidence of such design.

The questions raised are stated in the opinion.

A. W. Terrell and Hogg, Robertson & Hogg, for appellant.—It was the duty of the district attorney, if he desired to exercise challenges for cause on the ground stated, to have exercised diligence in an effort to ascertain this fact by an examination of the jurors on their voir dire, and having failed to exercise such diligence he must be held to have waived this ground of disqualification.   Townsend v. State, 36 Texas, Crim. Rep., 36; Kirk v. State, 37 S. W. Rep., 440; Armstrong v. State, 34 Texas Crim. Rep., 248; Caldwell v. State, 12 Texas Crim. App., 302; Yanez v. State, 6 Texas Crim. App., 429; Leper and Powell v. State, 29 Texas Crim. App., 63; Lane v. State, 29 Texas Crim. App., 310;

Williams v. State, 3 Texas Crim. App., 225; Mays v. State, 36 Texas Crim. Rep., 437.

The court erred in refusing to give the following instruction requested by defendant: "It is shown by the undisputed evidence that the defendant was legally in possession and control of the premises at Yeargin's Grove at the time of the difficulty in which Robert Taylor was struck, and the jury are instructed that defendant had the right to carry a pistol on said premises, and the fact that he was in possession of a pistol at the time of the difficulty is not evidence of defendant's being guilty of an unlawful act."

The court should further have instructed the jury affirmatively that if they found from the evidence that no such agreement or understanding existed, then the defendant would not be deprived of the perfect right of self-defense. The court did not in the charge to the jury present in an affirmative manner this phase of the law, and in failing to do so committed reversible error. Davis v. State, 28 Texas Crim. App., 542; Hargrove v. State, 33 Texas Crim. Rep., 432; Wheeler v. State, 34 Texas Crim. Rep., 350; Wright v. State, 35 Texas Crim. Rep., 470; Waites v. State, 37 Texas Crim. Rep., 582; Munson v. State, 37 Texas Crim. Rep., 601; see also part 2, sec. 801, White's Ann. Crim. Proc., p. 517, and authorities cited therein.

The court erred in refusing to give special charge number 8 requested by the defendant, which reads as follows: "There being no evidence showing or tending to show that the defendant, Cagle and Martin were acting together; therefore the jury are instructed that in considering this case they will disregard all acts and statements of both Cagle and Martin, as Monson can not be affected by the acts or words of either Cagle or Martin under the evidence in this case."

*Howard Martin*, Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Under an indictment charging appellant with murder, he was convicted of an aggravated assault and his punishment assessed at a fine of $200 and five months imprisonment in the county jail. This is the second appeal. Monson v. State, 2 Texas Ct. Rep., 925.

The following is made to appear by bill of exceptions: "That the court interrogated the regular jury for the week, and all of them but eleven men were excused; that thereupon the court ordered the sheriff to summon twenty-six other jurors, which was done, and that the court thereupon interrogated them as to their qualifications as jurors, and the judge and counsel for both the State and defendant understood that they were all qualified jurors, and residents of Travis County; and thereupon lists were furnished counsel on both sides, who struck off such jurors as they thought proper, the State making —— challenges and defendant making seven challenges, leaving just twelve names on the list. That the twelve men remaining on the list were called and took their

seats in the jury book; and thereupon the district attorney announced to the court that he had learned it was probable that two of the jurors lived in Bastrop County, and were not residents of Travis County. Thereupon the court questioned the jurors, and two of them stated they lived just across the Travis County line in Bastrop County, about one-fourth of a mile from the Travis County line. The jury had not yet been sworn but defendant had announced ready several hours before, and both parties had passed upon the jury, and the twelve men had been called and taken their seats in the jury box. Thereupon the court asked counsel for the State if he desired to challenge said two persons for cause, and the district attorney said he did, and the court sustained the challenge and stood aside the two jurors. When the challenge was made, defendant by his attorneys objected and demanded that the trial proceed before the jury as selected, stating to the court that defendant had made his challenges of jurors understanding that the two men named were qualified jurors, and that they were tendered him as such. The court overruled the objections and ordered the jurors to stand aside, and ordered the sheriff to summon twelve other jurors. To which defendant excepted." We do not think there was any error in the action of the court in setting aside the two jurors. It will be seen that the jury had not been sworn to try this case when the district attorney was informed that the two jurors did not live in the county. Clearly if appellant had this information prior to the time the jury was sworn to try the case, he would have the legal right to have said jurors stood aside, as was done. Appellant having such right, the State equally had such right. Appellant in his able brief insists that the articles of the statute militate against this position, but without reviewing these articles we hold to the contrary.

Appellant contends that the court erred in refusing the following instructions: "It is shown by the undisputed evidence that defendant was legally in possession and control of the premises at Yeargin's Grove at the time of the difficulty in which Robert Taylor was struck, and the jury are instructed that defendant had the right to carry a pistol on said premises, and the fact that he was in possession of a pistol at the time of the difficulty is not evidence of defendant's being guilty of an unlawful act." The learned trial judge refused this charge, as he states, upon the authority of Alexander v. State, 27 Texas Crim. App., 533, where we held that, under article 320, Penal Code, which defines the offense of going into a church, school room or other place where people are assembled for amusement, etc., having a pistol upon his person, the persons excepted from the operations of this article by article 321 are peace officers only, and does not include the owner of the premises in which the people are assembled. We think this authority clearly supports the ruling of the court, since the record before us shows that the people had assembled at this picnic ground for amusement and appellant was not an officer. The record does not show that appellant was the owner of the

premises, but was simply partly in control. But even if he were the owner, we do not understand that he would have the right to carry a pistol under such circumstances.

Appellant's next insistance is that the court erred in charging on the law of provoking the difficulty, and that the court erred in repeating said charge. We have carefully examined the court's charge in the light of the record and the evidence adduced, and hold that such charge was applicable to the facts, and there was no unnecessary repetition, as insisted by appellant. The question as to whether appellant sought deceased for the purpose of provoking a difficulty is clearly raised by the evidence. This being true, it was proper for the court to charge on this phase of the law.

The last contention of appellant in his brief is, "that the court erred in failing to present in an affirmative form the rules of law governing the converse of the proposition submitted on the law of imperfect right of self-defense; that is, if it was proper for the court to instruct the jury at all upon the imperfect right of self-defense, the court should have gone further and instructed the jury, that if they failed to find from the evidence beyond a reasonable doubt that there was a preconceived plan, whereby defendant and Cagle or defendant and Martin had agreed that a difficulty should be provoked with deceased with the purpose of inflicting serious bodily injuries upon him, then the right of self-defense would not be impaired and defendant could avail of the perfect right of self-defense. And that the court should have further instructed the jury affirmatively that, if they found from the evidence that no such agreement or understanding existed, then defendant would not be deprived of the perfect right of self-defense." We have carefully read all of the charge of the court, which is ably written, and in our opinion appllant's contentions are practically covered. However, be this as it may, appellant did not request a special charge with reference thereto, nor has he any bill of exceptions to the refusal of the court to so charge, nor has he any exception in motion for new trial to this effect. Where a defendant has neither bill of exceptions to the omissions in the charge of the court, or to an erroneous charge, nor exception in motion for new trial, under the repeated decisions of this court since article 723, Code Crim. Proc., we will not reverse the case for supposed errors or omissions in the charge.

The evidence for the State supports the finding of the jury. Appellant's perfect defense was made by his own testimony, and perhaps of other witnesses; but this was an issue left to the jury, and they have decided against appellant, and we do not feel authorized to disturb their finding. No error appearing in the record, the judgment is affirmed.

*Affirmed.*