### GEORGE LEWIS v. THE STATE.

#### No. 5256. Decided January 29, 1919.

**1.—Carrying Pistol—City Marshal—Sufficiency of the Evidence.**

Where, upon trial of unlawfully carrying a pistol, the evidence showed defendant carried a pistol, his defense that he was a deputy city marshal would not avail him, where he carried the pistol outside the city limits.

**2.—Same—Verdict—Practice in County Court.**

There was no error in permitting the jury, after returning their verdict, to correct the same in open court by inserting the words therein "as charged in the indictment."

**3.—Same—Intent—Defensive Theory—Charge of Court.**

Upon trial of unlawfully carrying a pistol, there was no error in the court's refusal to submit a special instruction that if the jury believed that defendant carried the pistol without intent to violate the law to acquit him. Following Johnson v. State, 73 Texas Crim. Rep., 133, 164 S. W. Rep., 833.

Appeal from the County Court of Matagorda. Tried below before the Hon. W. C. Carpenter.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of one hundred dollars.

The opinion states the case.

No brief on file for appellant.

*E. A. Berry,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the County Court of Matagorda County for unlawfully carrying a pistol.

His only defense seems to have been that he was at the time a deputy city marshal in the town of Bay City, and he claims that his carrying said pistol outside of the city limits of Bay City was not a violation of the law. It seems that, in connection with his other business, he was the proprietor of a jitney car, and while acting in that capacity carried passengers some distance outside of the city limits of Bay City, and on the occasion in question, while at the place outside of said city, to which he had carried the passengers, there arose a quarrel, in the course of which appellant drew his pistol. There is no statement of facts in the record, but we gather from the charge of the court and the two bills of exception taken by appellant, that the above are substantially the facts in the case.

Appellant complains here because the court permitted the jury, in open court and when returning their verdict, to make a correction of the same. Said correction consisted in inserting the words "as charged in the indictment" in said verdict. We do not think there is any error in permitting juries to correct their verdicts, and certainly none in making such correction as was made in this case.

Appellant further complains because the court did not submit a special instruction to the jury that if they believed that he carried his pistol without intent to violate the law, they should acquit. The lack of evil intent in the carrying of a pistol unlawfully is no justification. Johnson v. State, 73 Texas Crim. Rep., 133, 164 S. W. Rep., 833.

There are no other errors complained of in the record, and there being no statement of facts, the judgment is affirmed.

*Affirmed.*