## LOUIS SMITH V. THE STATE.

### No. 9651.    Delivered Dec. 16, 1925.

### Rehearing denied April 28, 1926.

#### 1.—Carrying a Pistol—Evidence—Withdrawn From Jury—No Error Shown.

Where, on a trial for carrying a pistol, officers testified that when appellant was accosted and asked what he had on, replied that he had nothing and later when it was made to appear that this statement was made after his arrest, the court withdrew the testimony from the jury, we cannot agree that the matters complained of were of such a nature that the effects of same could not be withdrawn from the jury without prejudice to the rights of appellant.

#### 2.—Same—Requested Charges—Issues Presented—Properly Refused.

Where the court gave to the jury appellant's special charge No. 1, which correctly submitted his defensive theory, there was no error in refusing several other requested charges, presenting the same issue, although in different verbiage.

#### 3.—Same—Requested Charge—On Intent—Properly Refused.

Where, on a trial for carrying a pistol, the court properly refused appellant's requested charge to the effect that if the defendant had no intention of violating the law to acquit him. We think that in this character of case, the question of intent was not a proper issue to be passed on by the jury. Following Cordova v. State, 50 Texas Crim. Rep., 353, and other cases cited.

#### 4.—Same—Argument of Counsel—Not Reversible Error.

While it was improper for the county attorney to say in his closing argument that he believed from the bottom of his heart that the defendant was guilty and that the defense testified to by his mother and himself was a fabrication, the fact that the court immediately stopped the county attorney and instructed the jury not to consider same, such argument was not of such a nature as to require a reversal of the case.

#### 5.—Same—Evidence—Held Sufficient.

Where, on a trial for carrying a pistol, appellant and his mother testified to exculpatory facts, the jury were not bound to accept the testimony. When the evidence is conflicting, and the jury has decided against the appellant's contention this court is without authority to interfere with the finding of the jury in such instances.

**6.—Same—Evidence—Res Gestae—Properly Adimtted.**

Where, on a trial for carrying a pistol, appellant defending on an innocent motive and purpose in having the pistol in his possession, his declarations made to the officers immediately on his arrest, were res gestae and properly admitted. We have many times held that statements made by a party to a transaction at the time, from which the character, motive and object may be gathered is res gestae. Following Russell v. State, 11 Texas Crim. App., 295, and other cases cited.

Appeal from the County Court of Hill County. Tried below before the Hon. Olin Culberson, Judge.

Appeal from a conviction for carrying a pistol, penalty thirty days in jail.

The opinion states the case.

*Morrow* and *Stallenwerck* of Hillsboro, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—Appellant was convicted in the County Court of Hill County of the offense of unlawfully carrying a pistol, and his punishment assessed at 30 days in jail.

The statement of facts shows that the appellant was found with a pistol on his person in the town of Hillsboro by an officer about the time alleged in the indictment. The defense was that appellant had been instructed by his mother to get the pistol and take it to Hillsboro, where she would meet him for the purpose of selling the same.

Appellant complains in bill of exception No. 1 to the action of the court in permitting the officer, Lowe, to testify that when he walked up to the appellant and asked him what he had, he replied nothing, and in effect denied having the pistol just before the time he was searched and found with the pistol. It is the contention of the appellant that he was under arrest at the time. The court after permitting the testimony to go to the jury and after it was shown the remarks of the appellant testified to by the witness were made while under arrest, immediately excluded same from the consideration of the jury. Appellant's contention is that this was error and was not cured by the action of the court in withdrawing the same. We are unable to agree with this contention, and cannot reach the conclusion from this bill and the qualification made thereon by the court, that the matters complained of were of such a nature that the effects

of same could not be withdrawn from the consideration of the jury as in this instance, without prejudice to the rights of the appellant.

Complaint is made to the refusal of the court to give appellant's special charges 2, 3, 4 and 5, in substance to the effect that if the mother of the defendant had instructed him to take the pistol to the town of Hillsboro and to meet her there so that she could sell it, and that pursuant to such instructions he had taken it there and was not loitering around the streets with it, to acquit him. We are of the opinion that there was no error in refusing said special charges in view of the fact that in connection with the general charge, the court, at the request of the appellant's counsel, gave his special charge No. 1, which covered all of the phases of this case raised by the evidence, and which properly presented the appellant's defense.

The appellant also complains of the action of the court in refusing his certain special charges wherein he requested the court to instruct the jury to the effect that if the defendant had no intention of violating the law to acquit him. We think the court properly refused these charges, and in this kind of a case the question of intent was not a proper issue to be passed upon by the jury. Cordova v. State, 50 Texas Cr. Rep., 353; Lewis v. State, 84 Texas Cr. Rep., 499; 208 S. W., 576.

Appellant further complains of the action of the county attorney in making his closing argument to the jury, wherein he stated that from the bottom of his heart he conscientiously and honestly believed that the appellant was guilty, and the defense as testified to by himself and his mother was false and a fabrication. This bill shows that when objection was urged to said remarks, the court immediately stopped the county attorney and instructed the jury not to consider same. In view of this qualification of the bill we are unable to state that said argument was of such a nature as to require a reversal of this case.

Appellant insists that the evidence in this case is insufficient to warrant a conviction, because it is shown in the record that he and his mother both testified that she had instructed him to take the pistol to Hillsboro and meet her there in order that she might make an effort to sell same, and that he was complying with her request at the time the officers arrested him and found him with the pistol. Outside of this testimony the appellant introduced the witness, Neal, who testified that the appellant's mother told him that she had sent her son to get the pistol and take it to Hillsboro, where she intended to meet him and offer same for sale, but the officers got him before she got there. The

State in rebuttal of this testimony introduced the sheriff who testified that the appellant's mother told him that she instructed the appellant to take the pistol home. This court has held frequently that the jury is not bound to take the testimony of the appellant and witnesses that are deeply interested in the defense, and when the evidence is conflicting and the jury has decided against the appellant's contention, this court is without authority to interfere with the finding of the jury in such instances.

Finding no error in the record, the judgment of the trial court is affirmed.

*Affirmed.*

The following opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant argues forcibly the proposition that statements made by him to the officer at the time he was arrested and found in possession of a pistol, should have been rejected because made while under arrest. This feature of the case was discussed in our former opinion. Our attention is attracted on this consideration to the fact that the statements made by appellant were part of the res gestae of the transaction. Appellant defended in this case solely upon the proposition that in having the pistol in his possession he was acting for his mother who had told him to take it to the place where he was arrested and there deliver it to her so that she might sell it. He thus sought to ascribe an innocent motive and purpose to what would otherwise be a guilty act. This court has said in several cases that statements made by a party to a transaction at the time, from which the character, motive and object may be gathered, is res gestae. Russell v. State, 11 Texas Crim. App., 295; Stockman v. State, 24 Texas Crim. App., 392; Upton v. State, 48 Texas Crim. Rep., 294. It would hardly seem debatable that if when found in possession of the pistol and questioned, appellant had stated that he was carrying the pistol home from some place where he had legitimately gotten it, or that he was taking it to be repaired, or that he had just bought it—this would be admissible as part of the res gestae and explanatory of his possession, purpose, etc. It would seem further without dispute that one who denies his possession of a pistol when questioned,

could not escape the weight of such denial if he later defended upon the proposition that he had it for a legal purpose.

The question complained of in bill of exceptions No. 2, viz: as to whether the arresting officer knew that another officer was present, would seem immaterial in the light of what we have just said.

Argument which expresses the personal opinion of the prosecutor as to the guilt of the accused but is not otherwise objectionable, has not been held sufficient ground for the reversal of the case. See Sec. 363, Branch's Annotated P. C., for authorities.

Appellant earnestly insists that the facts are not sufficient. There could be no dispute of the fact that appellant carried the pistol, for one was found on his person under two shirts which he was wearing. The story told by him and his mother was naturally one coming from interested witnesses. Their claim was that the mother, on the day before, told him and "Willie" to go over to the home of Ed Davis, where her pistol had been for some time, get it and bring it to Hillsboro, where she would meet them Saturday and sell the pistol. If the mother's pistol had been at the home of Ed Davis, and if appellant went there and got it on the occasion in question, this fact would have been susceptible of proof by disinterested witnesses and would have strongly corroborated appellant's claim. If "Willie" had appeared and testified that he or she went with appellant to Davis' home and got the pistol, this would also have corroborated appellant's plea. The fact that appellant's mother did not meet him at the place in Hillsboro, where they say they were to meet, was made to depend on the fact that her car broke down. She is not corroborated in this proposition by any other parties. The claim made by both appellant and his mother that her instruction to him was to bring the pistol to Hillsboro and there deliver it to her, was contradicted by testimony of the sheriff, who said that appellant's mother told him that she had instructed appellant to take the pistol home. These facts seem to us to justify the jury in rejecting the testimony offered in behalf of the defense and in finding appellant guilty.

The motion for rehearing will be overruled.

*Overruled.*