CLAUDE PRIVITT V. THE STATE.

No. 23943. Delivered February 25, 1948.

*Davenport & Anderson,* of Wichita Falls, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Conviction is for unlawfully carrying a pistol, punishment assessed being a fine of $250.00.

Prosecution was under Art. 485 P. C. We quote the portions that are here applicable, as follows: " * * * If any person shall go into any * * * ballroom or other place where persons are assembled for amusement * * * or social gathering, * * * and shall have or carry about his person any pistol or other fire-arms * * * he shall be fined not less than one hundred nor more than five hundred dollars, or be confined in jail not less than thirty days nor more than twelve months, or both."

It was charged by complaint and information that appellant in Clay County, Texas; "* * * did then and there unlawfully go into a ball-room where persons were then and there assembled for amusement, to-wit, a social gathering at a dance-hall known as 'Y' Cafe, and did then and there have and carry on and about his person a pistol. * * *"

The testimony shows that appellant owned and operated a

dance hall in connection with the operation of the said "Y" Cafe, which was also owned by appellant. On the occasion in question a dance was to be held at the dance hall, and some ten or twelve couples were already assembled there when appellant committed the acts upon which the State predicates the prosecution.

There was a door leading from the dance hall into the cafe, and also a south door from the dance hall to the outside of the building.

A little after dark on the night in question the sheriff and one of his deputies went to appellant's place of business and saw appellant going towards the dance hall with a pistol in his hand. They asked him what he was doing, and he said he had the gun because "someone had threatened him." He went into the south door where the dance was to be held, and had the pistol in his pocket.

Appellant testified that he did not intend to violate the law, and denied that he went into the dance hall at all with the pistol, but claimed to have gone into the west door and into the cafe, where he left the pistol under the counter.

Both officers were positive in their testimony that appellant went into the dance hall through the south door. Appellant owned and controlled all the property and houses connected with the dance hall and cafe as well as his residence on the lot. He was never off his property with the pistol.

Appellant sought to have the jury instructed that appellant had a right to carry a pistol from one place to another on his own premises, and complains at the refusal of such instruction. This would be a sound proposition of law if the prosecution was under the general statute forbidding the carrying of a pistol. See Art. 483 and Art. 484 P. C., but it has no application where the owner of the premises is having a dance or social gathering even in his own residence, and carries a pistol where the people are assembled. Owens v. State, 3 Tex. App. 404; Brooks v. State, 15 Tex. App. 88. The latter case was reversed, but it was based upon the exclusion of certain evidence offered by accused. See also Alexander v. State, 27 Tex. App. 533, 11 S. W. 628; Monson v. State, 45 Tex. Cr. R. 426, 76 S. W. 570.

Appellant also sought to have the court charge the jury that if appellant did not intend to violate the law they should

acquit him. This charge was also refused, of which appellant complains. Appellant cites us to, and relies on Schroeder v. State, 50 Tex. Cr. R. 111, 99 S. W. 1003. Some expressions are found in the opinion which support appellant's request for the refused charge; but when the case is carefully analyzed it can scarcely be relied upon as authority for holding that the mere lack of intent to violate the law here in question would excuse one who has violated it by his acts. The Schroeder case and others in which similar expressions appear will be found to have facts present other than a mere denial of intent to violate the statute in question. Later holdings of this court are not in harmony with appellant's construction of the opinion in Schroeder's case. See Pyka v. State, 80 Tex. Cr. R. 644, 192 S. W. 1066; Farris v. State, 94 Tex. Cr. R. 306, 144 S. W. 249; Smith v. State, 104 Tex. Cr. R. 100, 283 S. W. 508; Lewis v. State, 84 Tex. Cr. R. 499, 208 S. W. 516; Kmiec v. State, 108 Tex. Cr. R. 604, 2 S. W. (2d) 252. We think the trial court committed no error in refusing the requested charge on the lack of intent.

Appellant introduced no witness save himself. His specific defense was that he never went into the dance hall with the pistol. The court gave a defensive charge upon the issue thus raised by appellant. He charged the jury that unless they believed from the evidence beyond a reasonable doubt that appellant went into a public ballroom where persons were assembled for amusement, and did then and there have and carry on and about his person a pistol, they would find appellant not guilty.

Believing no reversible error to be shown, the judgment is affirmed.