Johnny Lee HAZEL, Appellant,

v.

The STATE of Texas, Appellee.

No. 51282.

Court of Criminal Appeals of Texas.

March 31, 1976.

Marvin O. Teague, Houston, for appellant.

Carol S. Vance, Dist. Atty., Clyde F. DeWitt, III and Sara Bullock, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This appeal is taken from a conviction for the unlawful possession of a handgun under the provisions of V.T.C.A. Penal Code, Sec. 46.02.

The appellant was originally indicted for the third degree felony of intentionally and knowingly possessing a pistol away from premises where he lived after being convicted of a felony involving an act of violence and threatened violence—robbery. See V.T.C.A. Penal Code, Sec. 46.05. Upon trial before the court appellant was found guilty of "the misdemeanor offense of unlawfully carrying a pistol" and assessed a punishment of eight months in the county jail.

Although no complaint is made of the same, we must decide at the outset before reaching the merits of appellant's contentions whether unlawfully carrying a weapon, to wit: a handgun, a misdemeanor under the provisions of V.T.C.A. Penal Code, Sec. 46.02, is a lesser included offense of unlawful possession of a firearm by a felon under the provisions of V.T.C.A. Penal Code, Sec. 46.05. If it is not, we do not reach appellant's grounds of error.

Article 37.09, Vernon's Ann.C.C.P., provides:

"An offense is a lesser included offense if:

"(1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;

"(2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the

same person, property, or public interest suffices to establish its commission;

"(3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or

"(4) it consists of an attempt to commit the offense charged or an otherwise included offense."

■ We explained in *Day v. State,* 532 S.W.2d 302, 310 (Tex.Cr.App.1976) (Opinion on Rehearing), that Article 37.09, supra, defined lesser included offenses in terms of the relationship between the lesser offense and the "offense charged." Whether one offense bears such a relationship to the offense charged must be a case by case determination, the decision being based on whether the lesser offense could be proved by the same facts as necessary to establish the offense charged. *Day v. State,* supra.

■ The elements of the "offense charged" in the present case are appellant (1) intentionally and knowingly (2) possessed away from the premises where he lived (3) a firearm, namely, a pistol (4) after he had previously been convicted of a felony involving violence or threatened violence —robbery. See V.T.C.A. Penal Code, Sec. 46.05. The elements of the offense of unlawful carrying of weapons, V.T.C.A. Penal Code, Sec. 46.02 are (1) intentionally, knowingly or recklessly (2) carrying on or about the person (3) a handgun, illegal knife, or club. It is true that Section 46.05, supra, does not by its own terms include the element of a culpable mental state, but under the provisions of V.T.C.A. Penal Code, Sec. 6.02, these mental states would be inferred. Moreover, the elements of the "offense charged" must be looked to on a case by case basis and not just the language of the statute. See *Day v. State,* supra.

■ Under Section 46.02, supra, the weapon must be carried "on or about the person," while under Section 46.05, supra, the requirement is stated merely as "possession." In *Courtney v. State,* 424 S.W.2d 440 (Tex.Cr.App.1968), this court had occasion to determine what the phrase "on or about the person" meant in the context of the former unlawfully carrying statute, Article 483, Texas Penal Code (1925). The language of *Wagner v. State,* 80 Tex.Cr.R. 66, 188 S.W. 1001 (1916) was quoted:

". . . The Legislature must have meant something when it used the words, 'or about the person,' and, on principle, using the word 'about' in its ordinary meaning, taking into consideration the context and subject-matter relative to which it is employed, the word, not being specially defined, must, as we believe, be held to mean, within the pistol statute, near by, close at hand, convenient of access, and within such distance of the party so having it as that such party could, without materially changing his position, get his hand on it; . . . ."

Thus the proof that appellant's pistol was on the floorboard of the automobile establishes both that he carried it "on or about his person" and that he "possessed" it. *Curry v. State,* 465 S.W.2d 154 (Tex.Cr.App. 1971); *Coleman v. State,* 500 S.W.2d 472 (Tex.Cr.App.1973); *Courtney v. State,* supra. Since the two are provable by the same facts, the provisions of Article 37.09, Vernon's Ann.C.C.P., are satisfied.

The same reasoning applies to the last remaining distinction between the two offenses. The offense charged, under V.T.C.A. Penal Code, Sec. 46.05, involved possession of a "firearm, namely, a pistol," while V.T.C.A. Penal Code, Sec. 46.02, speaks of possession of "a handgun, illegal knife, or club." The definition of "handgun" in V.T.C.A. Penal Code, Sec. 46.01, is "any *firearm* that is designed, made, or adapted to be fired with one hand." (Emphasis Supplied) Again, it is evident that the lesser offense and the offense charged are capable of proof by the same fact that appellant had in his automobile a .38 caliber revolver.

■ Article 37.09(1), Vernon's Ann.C. C.P., provides that an offense is a lesser

included offense if "it is established by proof of the same or less than all the facts required to establish the commission of the offense charged." The offense charged was (1) intentionally and knowingly having (2) possession away from the premises in which appellant lived (3) a firearm, (4) said appellant having been previously convicted of a felony involving violence. The offense for which appellant was convicted was (1) intentionally and knowingly (2) carrying on or about his person (3) a handgun. The additional element· of having previously been convicted of a felony involving violence is thus the only difference between the offense charged and the lesser offense. Article 37.09(1) therefore is applicable, and we hold that in the present case appellant was properly convicted of a lesser included offense. See *Raven v. State,* 533 S.W.2d 773 (Tex.Cr.App.1976).

Appellant first complains the evidence is insufficient, as a matter of law, to show that he intentionally and knowingly carried on or about his person a pistol.

The record shows that Houston City Police officers V. B. Daniels and his partner, Sgt. Pohlman, were patrolling in a police vehicle on Lyons Avenue in Houston on January 12, 1974, at approximately 10:45 p. m. when Daniels observed the appellant sitting in a parked car in the 2700 block of Lyons Avenue in front of a liquor store, lounge and hotel. It appeared that appellant's "head was bobbing and weaving," and based on Daniels' experience as a police officer for four years, Daniels formed the opinion the appellant was intoxicated. Daniels approached the vehicle in which appellant was seated alone. The car window was down and the odor of alcohol about appellant's person was apparent to the officer. Daniels shined a flashlight into the car and observed appellant's eyes were half closed and bloodshot. Appellant was asked to step out of the car. When the car door was opened and the dome light came on, a pistol was seen lying at appellant's feet only partially pushed under the front seat. The pistol was lying directly under appellant's feet. The pistol was recovered · and shown to be a fully loaded .38 caliber revolver.

· While there was evidence that appellant had been previously convicted of robbery, the court, for reasons not reflected, chose not to consider the same and found appellant guilty only of the lesser offense.

It is appellant's contention that the evidence is insufficient to show that he intentionally and knowingly carried on or about his person a handgun. He contends that under the former statute, Article 483, Vernon's Ann.P.C., 1925 (Unlawfully Carrying Arms), the intention of the accused was immaterial as the statute did not make intent an element of the offense. *Farris v. State,* 64 Tex.Cr.R. 524, 144 S.W. 249 (1912). See also *Lewis v. State,* 84 Tex.Cr.R. 499, 208 S.W. 516 (1919); *Smith v. State,* 104 Tex.Cr.R. 100, 283 S.W. 508 (1926). Appellant urges that this is no longer true under the new Penal Code of 1974.

V.T.C.A. Penal Code, Sec. 6.02 (Requirement of Culpability), reads as follows:

"(a) Except as provided in Subsection (b) of this section, a person does not commit an offense unless he intentionally, knowingly, recklessly, or with criminal negligence engages in conduct as the definition of the offense requires.

"(b) If the definition of an offense does not prescribe a culpable mental state, a culpable mental state is nevertheless required unless the definition plainly dispenses with any mental element.

"(c) If the definition of an offense does not prescribe a culpable mental state, but one is nevertheless required under Subsection (b) of this section, intent, knowledge, or recklessness suffices to establish criminal responsibility.

"(d) Culpable mental states are classified according to relative degrees, from highest to lowest, as follows:

"(1) intentional;
"(2) knowing;
"(3) reckless;
"(4) criminal negligence.

"(e) Proof of a higher degree of culpability than that charged constitutes proof of the culpability charged."

V.T.C.A. Penal Code, Sec. 46.02 (Unlawful Carrying Weapons), reads as follows:

"(a) A person commits an offense if he intentionally, knowingly, or recklessly carries on or about his person a handgun, illegal knife, or club.

"(b) Except as provided in Subsection (c), an offense under this section is a Class A misdemeanor.

"(c) An offense under this section is a felony of the third degree if it occurs on any premises licensed or issued a permit by this state for the sale or service of alcoholic beverages."

■ It is clear from a reading of the definition of offense in said Section 46.02, supra, that it does not itself prescribe a culpable mental state, but one is nevertheless required by said Section 6.02, supra, unless the definition "plainly dispenses with any mental element." The definition in said Section 46.02, supra, does not "plainly dispense[s] with any mental element." See and cf. *Braxton v. State,* 528 S.W.2d 844 (Tex.Cr.App.1975).

Thus we must consider whether the evidence is sufficient to show that the appellant intentionally, knowingly or recklessly carried on or about his person a handgun.

Appellant likens the said Section 46.02, supra, with its requirement that the handgun be carried "knowingly and intentionally" with the same requirement found expressly stated in Article 4476–15, Sec. 4.05(a) [Texas Controlled Substances Act], dealing with the possession of marihuana and says the marihuana cases decided by this court are helpful in passing on the instant case for the same standards apply.

Appellant relies upon *Woolridge v. State,* 514 S.W.2d 257 (Tex.Cr.App.1974), wherein this court wrote:

"Since the accused is charged with the unlawful possession of a narcotic the State must prove that he exercised care, control and management over the object and that he knew the object he possessed was contraband. E. g., *Payne v. State,* Tex.Cr.App., 480 S.W.2d 732; *Ramos v. State,* Tex.Cr.App., 478 S.W.2d 102; *Rodriguez v. State,* Tex.Cr.App., 372 S.W.2d 541. The mere presence of the accused at a place where narcotics are found does not of itself show possession. E. g., *Harvey v. State,* Tex.Cr.App., 487 S.W.2d 75; *Valdez v. State,* Tex.Cr.App., 481 S.W.2d 904. See *United States v. Romano,* 382 U.S. 136, 86 S.Ct. 279, 15 L.Ed.2d 210. Additional independent facts and circumstances must be established to prove the accused's knowledge and control of the marihuana. E. g., *Barnes v. State,* Tex. Cr.App., 504 S.W.2d 450; *Wright v. State,* Tex.Cr.App., 500 S.W.2d 170; *Valdez v. State,* supra; *Harvey v. State,* supra; see, 92 A.L.R. 810.

\* \* \* \* \* \*

"In this case, the record does not contain evidence linking the appellant to the marihuana found in the car he had borrowed. The marihuana was not discovered in plain view. On the contrary, it required three inspections of the vehicle before the police discovered the contraband. No odor of marihuana was present, nor were seeds, papers, or particles found on the appellant. Cf. *Powell v. State,* Tex.Cr.App., 502 S.W.2d 705. Upon his arrest, appellant made no 'furtive' gestures. In fact, one of the defendants requested that the police return to the vehicle after it had been searched to retrieve a watch. The evidence does not show any connection between the appellant and the glove compartment area of the vehicle.

"Regardless of what other crimes the appellant may have committed, we are only concerned here with the sufficiency of the evidence to support his conviction for possession of marihuana and find it to be insufficient."

Appellant urges that mere presence at a place or car where a pistol is found does

not, standing alone, justify a finding that a person is in possession of a handgun or that it was "on or about his person," citing *Kinkle v. State,* 474 S.W.2d 704 (Tex.Cr.App. 1972). He also argues that if exclusive possession is not shown the State must affirmatively link the accused to the handgun, citing *Smith v. State,* 514 S.W.2d 749 (Tex.Cr.App.1974), and cases cited therein.

In the instant case, unlike the marihuana in *Woolridge,* supra, the handgun was seen in open view when the dome light came on. Further, appellant was the only person in the car, the handgun was directly under his feet and we do not appear to be confronted with a situation where the accused is not in exclusive possession of the car. While the evidence was not developed as well as it might have been, we conclude that evidence, direct and circumstantial, is sufficient to show the appellant was guilty of intentionally and knowingly carrying on or about his person a handgun.

Appellant's contention is overruled.

In fifteen grounds of error appellant presents the single complaint[1] that the pistol in question was obtained as a result of an illegal search and should not have been admitted into evidence.

The evidence reflects that appellant was observed at night in a parked car in front of a lounge in the 2700 block of Lyons Avenue in the city of Houston in an apparent state of intoxication. Public intoxication is made an offense by virtue of V.T. C.A. Penal Code, Sec. 42.08. The appearance of appellant made it reasonable for the officers to investigate further to decide if he was indeed intoxicated. In *Wood v. State,* 515 S.W.2d 300, 305–306 (Tex.Cr.App. 1974), this court stated:

"The Fourth Amendment has been held not to require a policeman who lacks a precise level of information necessary for probable cause to simply shrug his shoulders and allow crime to occur or a criminal to escape. *Adams v. Williams,* 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972). Circumstances short of probable cause for arrest may justify temporary detention for investigation and questioning. . . "

Upon approaching the automobile, Officer Daniels observed the odor of alcohol about appellant's person through the open window. By use of a flashlight it was observed that appellant's eyes were half closed and bloodshot. Asking appellant, under these circumstances, to step out of the car was the next reasonable step in the investigation. See *Aldridge v. State,* 482 S.W.2d 171 (Tex.Cr.App.1972). When he did get out, the dome light, which came on when the door was opened, revealed in plain view the pistol in question.

We hold that the investigation in the present case was reasonable and the discovery of the pistol in plain view was not the fruit of an illegal search and seizure. The grounds of error are overruled.

The judgment is affirmed.

---

1. The fragmentation of grounds of error is as undesirable as a multifarious ground of error.