Larry Villarreal v. State
















IN THE
TENTH COURT OF APPEALS
 

No. 10-01-041-CR

     LARRY VILLARREAL,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the County Criminal Court at Law No. 8
Harris County, Texas
Trial Court # 9943560
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      A jury convicted Larry Villarreal of unlawfully carrying a handgun. The trial court sentenced
him to forty-five (45) days’ imprisonment. In his sole point of error, Villarreal argues that the
evidence is legally insufficient to support the verdict.
FACTS
      Officer Jason Murray noticed a vehicle with a flat tire at a gas station at 4:00 a.m. Villarreal
and two young women were standing outside the vehicle. Murray called in the plates to find out
who owned the vehicle, but the car was not currently registered. He stated that all three persons
looked under the age of seventeen (17) and acted nervous.


 As Murray approached, one of the
females departed for the restroom. The officer initiated questioning to determine the names and
ages of the three persons. Villarreal was over eighteen years-old. He told Murray that the car
belonged to a “friend,” but could not identify the “friend” by name. Villarreal then told Murray
he was borrowing the car to take the girls home from a party.
      Officer Tulson arrived on the scene as back-up and the officers asked Villarreal if there was
anything in the car they should know about, such as weapons or contraband. According to
Murray, Villarreal responded that there may be a gun in the car. Murray looked through the
vehicle’s glass and saw the butt of a shotgun protruding from underneath a towel in open view on
the backseat floorboard. He entered the car and removed the loaded shotgun from the vehicle.


 
While retrieving the shotgun, Murray looked under the passenger seat and discovered the
handgun. Villarreal denied any knowledge of the handgun.
UNLAWFULLY CARRYING A WEAPON
      In his sole point, Villarreal argues that the evidence is legally insufficient to support a
conviction for the offense of unlawfully carrying a handgun. Specifically, Villarreal argues that
the evidence is insufficient to prove that he “intentionally, knowingly, or recklessly” carried a
handgun. He contends that the evidence showed only that a handgun was present in a car that he
told officers he had been driving.
Legal Sufficiency Standard
      In reviewing a legal sufficiency challenge, we view the evidence in the light most favorable
to the verdict and determine whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt. See Lane v. State, 933 S.W.2d 504, 507 (Tex.
Crim. App. 1996); Quinton v. State, 56 S.W.3d 633, 641 (Tex. App.—Waco 2001, no pet.).
Analysis
      Texas Penal Code section 46.02 provides in pertinent part that “[a] person commits an offense
if he intentionally, knowingly, or recklessly carries on or about his person a handgun . . . .” Tex.
Pen. Code Ann. § 46.02(a) (Vernon Supp. 2002).
      The State must prove the mens rea element of “intentionally, knowingly, or recklessly”
carrying a handgun. See Hazel v. State, 534 S.W.2d 698, 702 (Tex. Crim. App. 1976). In cases
where a weapon is found in a car, the courts have held the evidence sufficient to establish the
requisite culpable mental state when the weapon is discovered in plain view. Christian v. State,
686 S.W.2d 930, 933 (Tex. Crim. App. 1985) (regardless of ownership of the vehicle, evidence
sufficient where weapon found in plain view and driver alone in the vehicle); See Hazel, 534
S.W.2d at 703 (sufficient evidence to show defendant intentionally, knowingly, or recklessly
carried a handgun which was found in plain view at defendant’s feet and driver was the sole
occupant of the vehicle); Flores v. State, 895 S.W.2d 435, 445-46 (Tex. App.—San Antonio 1995,
no pet.) (although driver not alone in car and weapon not in plain view, loaded ammunition clip
found in open view matching the handguns sufficient to show defendant “knew” about the
weapon). Another consideration of the mens rea element is whether the defendant is the driver
and sole occupant of the vehicle. See Hazel, 534 S.W.2d at 703; Christian, 686 S.W.2d at 933. 
Further, the courts have looked to whether the evidence established an ownership interest in the
weapon. See Boatwright v. State, 933 S.W.2d 309, 311 (Tex. App.—Houston [14th Dist.] 1996,
no pet.) (driver, as sole occupant, told officers that he carried the handgun and knife to protect
himself). These factors are not exclusive, but the cases cited above all have one thing in common: 
the accused was either seen in the vehicle containing the illegal weapon or arrested while in such
vehicle.
      In the present case, although Villarreal was not seen inside the vehicle, he stated to officers
that he had been the driver. He also told the officers the car did not belong to him. The State
presented no evidence establishing ownership of the vehicle. Further, Villarreal also told the
officers that there may be a weapon in the car, and officers then located the shotgun in plain view
on the backseat floorboard. Villarreal, however, denied any knowledge of the handgun discovered
underneath the passenger seat. Officer Murray testified that the handgun was not in plain view. 
Murray added that a driver of the vehicle could not have seen the handgun in its position under
the passenger seat. The State did not establish Villarreal as the owner of the handgun or present
fingerprint evidence to indicate he had handled the handgun, the magazine, or any ammunition. 
Moreover, Villarreal was not the only person with access to the vehicle because two female
passengers had been inside the car earlier. Neither of the female passengers were called to testify.
      Viewing the evidence in the light most favorable to the verdict, we find the evidence legally
insufficient to prove that Villarreal intentionally, knowingly or recklessly carried a handgun on
or about his person. Accordingly, Villarreal’s only point is sustained.
      The judgment is reversed and a judgment of acquittal is rendered.
 

                                                                               REX D. DAVIS
                                                                               Chief Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Reversed and rendered
Opinion delivered and filed May 29, 2002
Do not publish
[CR25]