

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-25-00050-CR

---

MARKEITH TERRELL OLIVER, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 5th District Court
Cass County, Texas
Trial Court No. 2024F00060

---

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

# MEMORANDUM OPINION

A Cass County jury convicted Markeith Terrell Oliver of unlawful possession of a firearm by a felon, and pursuant to the jury's recommendation, the trial court sentenced him to nine years' confinement in prison.[1] Oliver appeals, maintaining that he suffered egregious harm when the trial court failed to include an accomplice-witness instruction in the guilt–innocence charge related to the testimony of Carlina McComb, whom he contends was an accomplice as a matter of law. Because McComb was not an accomplice as a matter of law, the trial court did not err by omitting an accomplice-witness instruction. We affirm the trial court's judgment.

## I.     Applicable Facts

On February 15, 2023, Deputy Sergeant Eric White, with the Cass County Sheriff's Office (CCSO), initiated a traffic stop on a black sedan in an apartment complex parking lot in Queen City. McComb was driving the sedan, and Oliver was in the front passenger seat. McComb got out of the vehicle as soon as she stopped. When White asked her for identification, McComb did not produce a driver's license and initially gave a false name. However, McComb admitted to her actual name after several minutes of questioning. Once White obtained McComb's real name, he discovered that she had outstanding arrest warrants in Bowie County and arrested her.

White questioned Oliver as well. During the time McComb was not being forthcoming with her identity, Oliver denied knowing McComb. But once McComb gave her real name, she

---

[1]In the same trial, Oliver was also tried for, and convicted of, unlawful carrying of a weapon by a felon and attempted tampering with physical evidence. Oliver appeals those two convictions in our appellate court cause numbers 06-25-00051-CR and 06-25-00052-CR, respectively.

2

also admitted to knowing Oliver. White arrested Oliver for hindering the apprehension of a fugitive.

While speaking with Oliver, White saw a black Taurus firearm lying on the driver's seat next to the console within arm's reach of Oliver. After placing Oliver under arrest for hindering the apprehension of a fugitive, White conducted an inventory search of the vehicle. White recovered the firearm from the driver's seat. He also found a magazine that fit the Taurus handgun on the front passenger-side floorboard near Oliver's feet. From under the driver's seat, White recovered a small black bag containing a silver revolver, McComb's driver's license and debit or credit cards, methamphetamine, marihuana, and scales. White also removed a suitcase from the rear seat and then lifted a blanket next to the suitcase. Under the blanket, he found an M4-style rifle.

After conducting the inventory, White confirmed that Oliver was a convicted felon. White then placed Oliver under arrest as a felon in possession of a firearm.

At trial, McComb testified that she and Oliver were friends and that she drove the sedan on the date of the traffic stop. McComb testified that she was on misdemeanor probation out of Cass County for unlawful carrying of a weapon from the February 15, 2023, incident. She said that she was driving her roommate's car during the traffic stop. McComb said she had just picked up Oliver and was driving him to Mississippi when they were stopped. She said that when Oliver got into the car, he had a duffel bag or backpack.

McComb testified that she met with an investigator at the district attorney's office before trial and told him that the black Tarus was hers. At trial, she said the only gun that was hers was

3

the silver revolver, while the other two guns were Oliver's. McComb said that Oliver put the "long green gun" in the backseat when he got in her car. When asked how Oliver brought the gun into the car, she said Oliver told her that he brought it.

Deputy Gannon Tiller with the CCSO interviewed Oliver at the scene. Tiller testified that Oliver's answers to his questions showed that he "appear[ed] to know that there were at least two firearms in that vehicle." Tiller said that Oliver told him that the rifle belonged to a friend. Tiller also stated that "it took him a long time to come up with that story."

## II.     McComb Was Not an Accomplice as a Matter of Law

In his sole point of error, Oliver argues that the trial court erred by failing to instruct the jury that McComb was an accomplice as a matter of law to the offense of unlawful possession of a firearm.

### A.     Applicable Law and Standard of Review

"An accomplice is someone who participates with the defendant before, during, or after the commission of a crime and acts with the required culpable mental state." *Druery v. State*, 225 S.W.3d 491, 498 (Tex. Crim. App. 2007). "[A] witness is an accomplice as a matter of law in the following" three circumstances: (1) "[i]f the witness has been charged with the same offense as the defendant or a lesser-included offense[,]" (2) "[i]f the State charges a witness with the same offense as the defendant or a lesser-included of that offense, but dismisses the charges in exchange for the witness's testimony against the defendant[,]" or (3) "[w]hen the evidence is uncontradicted or so one-sided that no reasonable juror could conclude that the witness was not an accomplice." *Ash v. State*, 533 S.W.3d 878, 886 (Tex. Crim. App. 2017). "And complicity

4

with an accused in the commission of another offense apart from the charged offense does not make that witness's testimony that of an accomplice witness." *Druery*, 225 S.W.3d at 498. "In short, if the witness cannot be prosecuted for the offense with which the defendant is charged, or a lesser-included offense of that charge, the witness is not an accomplice witness as a matter of law." *Id.*

"A trial judge . . . has no duty to instruct the jury that a witness is an accomplice witness as a matter of law unless there exists no doubt that the witness is an accomplice." *Id.* "[A]s with an accomplice as a matter of law, there must still be some evidence of an affirmative act on the part of the witness to assist in the commission of the charged offense before such an instruction is required." *Id.* at 499.

Oliver's indictment for unlawful possession of a firearm by a felon alleged that Oliver, "having been convicted of the felony offense of Escape While Arrested/Confined" in cause number 2014F00013, "intentionally, knowingly, or recklessly possess[ed] a firearm" on or about February 15, 2023, "before the fifth anniversary of [his] release from supervision under parole."

B.     Analysis

Oliver argues that McComb was an accomplice because she "ha[d] been charged with the same offense as the defendant or a lesser-included offense." The Texas Court of Criminal Appeals has recognized that the predecessor of Section 46.02 of the Texas Penal Code can, in some circumstances, be treated as a lesser-included offense of the predecessor of Section 46.04 of the Texas Penal Code, but that analysis still turns on the particular statutory elements and facts. *See Hazel v. State*, 534 S.W.2d 698, 701–03 (Tex. Crim. App. 1976). However, under the

"cognate-pleadings" test, an offense is not a lesser-included offense unless its elements are included within the proof necessary to establish the charged offense. *Hall v. State*, 225 S.W.3d 524, 533, 535–36 (Tex. Crim. App. 2007).

McComb testified that she was not a felon at the time of the traffic stop, but she conceded that she had been convicted of the misdemeanor offense of unlawfully carrying a weapon as a result of that stop. Because McComb was not a felon, she could not have been prosecuted for unlawful carrying of a weapon under Section 46.02(a-1)(2)(B) of the Texas Penal Code, which requires the person to be "prohibited by law from possessing a firearm." *See* TEX. PENAL CODE ANN. § 46.02(a-1)(2)(B) (Supp.). The vehicle was "under [her] control." *See* TEX. PENAL CODE ANN. § 46.02(a)(3)(B) (Supp.). The only other option required proof of unlawful carrying while "engaged in criminal activity." TEX. PENAL CODE ANN. § 46.02(a-1)(2)(A) (Supp.). Here, the trial court could have inferred that the "engaged in criminal activity" referred to McComb's carrying the revolver at the same time as marihuana, methamphetamine, and paraphernalia found in her personal bag. The "engaged in criminal activity" is not an element required in Oliver's unlawful possession of a firearm by a felon indictment. *See Hall*, 225 S.W.3d at 535–36. Therefore, McComb's conviction was not a lesser-included offense of Oliver's indictment.

Here, the State's theory of the case focused on McComb's possession of the revolver found in her personal bag and Oliver's possession of the Taurus firearm found on the seat and the M4-style rifle in the backseat. As a result, Oliver and McComb were engaged in separate,

6

parallel acts of possession or carrying of separate contraband rather than a joint offense regarding the same specific firearm.[2] *See Paredes*, 129 S.W.3d 530, 536 (Tex. Crim. App. 2004).

Oliver also argues that "[h]ad [McComb] been a convicted felon at the time the arrest occurred, McComb could have been indicted for the same charge as [Oliver]" because McComb's misdemeanor unlawful carrying of a weapon conviction arose from the same traffic stop. The law requires facts supported by the record to determine whether a potential accomplice was prosecuted for the same exact offense or a lesser-included offense. But Oliver's theory that McComb could have been prosecuted for unlawful possession of a firearm if she had been a felon at the time of the traffic stop is not supported by the law of accomplices.

Because McComb was not an accomplice as a matter of law, the trial court had no duty to include an accomplice-witness instruction in its jury charge.

Finding no error, we overrule Oliver's sole point of error.

---

[2]The State indicted Oliver in general terms for unlawful possession of a firearm by a felon, without specifying any particular firearm in the indictment, and Oliver did not request that the State elect which of the three firearms it sought to prove he possessed. Even if we assume the jury could have determined that Oliver possessed the revolver, Texas law permits the State to establish joint possession of a single item of contraband by multiple individuals, and doing so does not render those individuals accomplices to one another. *See Tate v. State*, 500 S.W.3d 410, 413–14 (Tex. Crim. App. 2016) (holding that, when contraband is not in a defendant's exclusive possession, the fact-finder may nonetheless infer intentional or knowing possession if sufficient independent facts and circumstances justify that inference).

## III.     Conclusion

We affirm the trial court's judgment.


Jeff Rambin
Justice

Date Submitted:     February 12, 2026
Date Decided:       April 8, 2026

Do Not Publish