

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-25-00120-CR

———————————————————

MALCOME ELDRIDGE, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 371st District Court
Tarrant County, Texas
Trial Court No. 1832392

Before Birdwell, Bassel, and Wallach, JJ.
Memorandum Opinion by Justice Wallach

**MEMORANDUM OPINION**

Appellant Malcome Eldridge appeals the trial court's judgment convicting him of unlawfully possessing a firearm. *See* Tex. Penal Code § 46.04(a)(2). On appeal, Eldridge argues in two points that (1) the evidence is insufficient to sustain his conviction and (2) the trial court abused its discretion by declining to include a voluntary-conduct instruction in the jury charge. Because we conclude that the evidence is sufficient and that the charge was not erroneous, we affirm.

## I. Background

In June 2024, while conducting undercover surveillance of a commercial car wash, two Fort Worth narcotics officers observed a man—later identified as Eldridge—engaging with people in a manner consistent with illegal drug trafficking. Eventually, Eldridge drove away from the car wash in a gray Dodge Charger at a high rate of speed. Officers stopped him for committing a traffic violation, and they found drug paraphernalia, including digital scales and a box of small plastic baggies, in his front passenger seat. Following a more extensive search of the vehicle, officers found a handgun under the steering column.

Eldridge, who was alone when officers stopped him, admitted that he owned the vehicle[1] and told the officers that he had been on his way to a birthday party when they pulled him over. After the officers confirmed that Eldridge was a convicted

---

[1]At trial, a certified vehicle record confirming Eldridge's ownership was admitted into evidence.

felon, they arrested him for unlawfully possessing a firearm.[2] Eldridge was indicted for the unlawful-firearm-possession offense and pled not guilty. At trial, Eldridge's mother testified that the gun belonged to her and that she had called him while he was at the car wash to tell him that she had mistakenly left the gun in his car. After hearing all the evidence, the jury convicted Eldridge and assessed his punishment at five years in prison. The trial court sentenced him accordingly. This appeal followed.

## II. DISCUSSION

### A. Sufficiency of the Evidence

In his first point, Eldridge contends that the evidence is insufficient to support his conviction.[3] We disagree.

#### 1. Standard of Review

In our evidentiary-sufficiency review, we view all the evidence in the light most favorable to the verdict to determine whether any rational factfinder could have found the challenged essential elements beyond a reasonable doubt. *Jackson v. Virginia*,

---

[2]Eldridge was also arrested for drug-paraphernalia possession. *See* Tex. Health & Safety Code § 481.125(a).

[3]In his brief, Eldridge's counsel argues that the *Clewis* factual-sufficiency review overruled by the Texas Court of Criminal Appeals should apply without advocating for a change in the law. *See Clewis v. State*, 922 S.W.2d 126, 135–36 (Tex. Crim. App. 1996), *overruled by Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). We have previously warned counsel about the disciplinary implications of continuing this practice. *See Howard v. State*, No. 02-24-00075-CR, 2025 WL 18308, at *2 n.3 (Tex. App.—Fort Worth Jan. 2, 2025, no pet.) (mem. op., not designated for publication) ("Counsel would be wise to discontinue this practice.").

443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Queeman v. State*, 520 S.W.3d 616, 622 (Tex. Crim. App. 2017); *Stephenson v. State*, 673 S.W.3d 370, 384 (Tex. App.—Fort Worth 2023, pet. ref'd). This standard gives full play to the factfinder's responsibility to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Harrell v. State*, 620 S.W.3d 910, 914 (Tex. Crim. App. 2021).

The factfinder alone judges the evidence's weight and credibility. *See* Tex. Code Crim. Proc. art. 38.04; *Martin v. State*, 635 S.W.3d 672, 679 (Tex. Crim. App. 2021). We may not re-evaluate the evidence's weight and credibility and substitute our judgment for the factfinder's. *Queeman*, 520 S.W.3d at 622. Instead, we determine whether the necessary inferences are reasonable based on the evidence's cumulative force when viewed in the light most favorable to the verdict. *Braughton v. State*, 569 S.W.3d 592, 608 (Tex. Crim. App. 2018); *see Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017) ("The court conducting a sufficiency review must not engage in a 'divide and conquer' strategy but must consider the cumulative force of all the evidence."). We must presume that the factfinder resolved any conflicting inferences in favor of the verdict, and we must defer to that resolution. *Braughton*, 569 S.W.3d at 608.

### 2. Analysis

To establish that Eldridge unlawfully possessed a firearm as a felon under Penal Code Section 46.04(a)(2), the State had to prove that he had previously been

4

convicted of a felony offense and that he had possessed the firearm at a location other than his residence. *See* Tex. Penal Code § 46.04(a)(2). Eldridge challenges the sufficiency of the evidence only with respect to the possession element.

"'Possession' means actual care, custody, control, or management." *Id.* § 1.07(a)(39). Thus, to prove that Eldridge possessed the firearm, the State was required to show that he knew of its existence and that he exercised actual care, custody, control, or management over it. *See Grantham v. State*, 116 S.W.3d 136, 143 (Tex. App.—Tyler 2003, pet. ref'd) (citing *Ramirez v. State*, 897 S.W.2d 428, 436 (Tex. App.—El Paso 1995, no pet.)); *see also Favela v. State*, No. 03-12-00307-CR, 2013 WL 1955795, at *3 (Tex. App.—Austin May 8, 2013, pet. ref'd) (mem. op., not designated for publication). Possession may be proved by direct or circumstantial evidence, but the accused's connection with the firearm must be more than merely fortuitous. *Davis v. State*, 93 S.W.3d 664, 667 (Tex. App.—Texarkana 2002, pet. ref'd).

Eldridge asserts that the evidence is insufficient to support his conviction because the record reflects that after his mother told him that she had left the handgun in his car he "did not have time to . . . return [it] to [her]" because "he was on his way to a birthday party." But even if the factfinder were to accept Eldridge's and his mother's version of events, the evidence is nevertheless sufficient to show that he possessed the firearm. Eldridge concedes that he knew that the firearm was in his vehicle and that he drove the vehicle anyway. Because the evidence shows (1) that Eldridge was in exclusive possession and control of the vehicle at the time that the

firearm was found, (2) that he knew that the firearm was in the vehicle, and (3) that the firearm—which was found under the steering column—was conveniently accessible to him while he was driving, it is sufficient to prove that he possessed the firearm. *See Hazel v. State*, 534 S.W.2d 698, 703 (Tex. Crim. App. 1976) (holding that evidence was sufficient to show that appellant had unlawfully possessed a handgun because he was the only person in the car where the handgun was found and therefore had exclusive possession of the vehicle); *Guidry v. State*, No. 09-94-123 CR, 1994 WL 660152, at *2 (Tex. App.—Beaumont Nov. 23, 1994, no writ) (not designated for publication) (holding that legally sufficient evidence supported appellant's conviction of unlawfully carrying a weapon because he had been alone in the car at all material times—and thus had been in exclusive possession and control of the vehicle—and because the weapon had been conveniently accessible to him).

We overrule Eldridge's first point.

## B. Charge Error

In his second point, Eldridge contends that the trial court abused its discretion by denying his request to include a voluntary-conduct instruction in the jury charge. We disagree.

### 1. Standard of Review

We must review "all alleged jury-charge error . . . regardless of preservation in the trial court." *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012). In reviewing a jury charge, we first determine whether error occurred; if not, our analysis

ends. *Id.* But if the charge is erroneous, then we must decide whether the appellant was harmed. *Wooten v. State*, 400 S.W.3d 601, 606 (Tex. Crim. App. 2013); *see Ngo v. State*, 175 S.W.3d 738, 744 (Tex. Crim. App. 2005). The standard of review to be applied in assessing harm depends on whether the defendant preserved the error. *See Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g). If a defendant timely objects to alleged jury-charge error, the record need only show "*some harm*" to obtain relief. *Id.* But in the absence of a timely objection, the record must show "egregious harm." *Id.*

The trial court is required to give the jury a written charge that, among other things, "set[s] forth the law applicable to the case." Tex. Code Crim. Proc. art. 36.14. The trial court must instruct the jury on statutory defenses, affirmative defenses, and justifications whenever they are raised by the evidence in the case. *Walters v. State*, 247 S.W.3d 204, 208–09 (Tex. Crim. App. 2007). "A defendant is entitled to an instruction on every defensive issue raised by the evidence, regardless of whether the evidence is strong, feeble, unimpeached, or contradicted, and even when the trial court thinks that the testimony is not worthy of belief." *Id.* at 209. When considering a challenge to a trial court's ruling denying a requested defensive instruction, we view the evidence in the light most favorable to the defendant's requested instruction. *Bufkin v. State*, 207 S.W.3d 779, 782 (Tex. Crim. App. 2006); *Ferrel v. State*, 55 S.W.3d 586, 591 (Tex. Crim. App. 2001). We review the trial court's decision not to include a defensive issue in the jury charge for an abuse of discretion. *See Love v. State*,

199 S.W.3d 447, 455 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd) (citing *Wesbrook v. State*, 29 S.W.3d 103, 122 (Tex. Crim. App. 2000)).

## 2. Analysis

"A person commits an offense only if he voluntarily engages in conduct, including an act, an omission, or possession." Tex. Penal Code § 6.01(a). "Possession is a voluntary act if the possessor knowingly obtains or receives the thing possessed or is aware of his control of the thing for a sufficient time to permit him to terminate his control." *Id.* § 6.01(b). Because voluntariness is a defensive issue, the trial court is not required to include a voluntary-conduct instruction in the jury charge unless the evidence raises the issue of voluntariness. *See Walters*, 247 S.W.3d at 208–09; *see also Roby v. State*, 647 S.W.3d 747, 749–51 (Tex. App.—San Antonio 2021, no pet.) (holding that the trial court did not err by declining to include a voluntary-conduct instruction in the jury charge because the appellant had not requested it and because the evidence did not raise voluntariness).

Here, Eldridge claims that he was entitled to a voluntary-conduct instruction because his mother testified that the gun found in his vehicle belonged to her.[4] But, as

---

[4]In his brief, Eldridge failed to explain how, if at all, the trial court's refusal to include the requested voluntary-conduct instruction caused reversible harm. Indeed, he did not address the issue of harm at all. By failing to address this essential issue, Eldridge arguably forfeited his charge-error complaint due to inadequate briefing. *See* Tex. R. App. P. 38.1(i); *Lucio v. State*, 351 S.W.3d 878, 896 (Tex. Crim. App. 2011); *see also Cardenas v. State*, 30 S.W.3d 384, 393 (Tex. Crim. App. 2000) (holding that appellant had forfeited issues due to inadequate briefing by, among other things, failing to "address the question of whether the alleged error . . . was harmless");

8

noted, even according to Eldridge's and his mother's version of events, Eldridge chose to drive the vehicle to a birthday party despite being fully aware of the gun's presence. *See* Tex. Penal Code § 6.01(b). Thus, even when viewed in the light most favorable to Eldridge, the evidence did not raise the issue of voluntariness. *See Bufkin*, 207 S.W.3d at 782; *see also Roby*, 647 S.W.3d at 750–51. Accordingly, we cannot conclude that the trial court abused its discretion by denying Eldridge's request to include a voluntary-conduct instruction in the jury charge. *See Love*, 199 S.W.3d at 455.

## III. CONCLUSION

Having overruled both of Eldridge's points, we affirm the trial court's judgment.

---

*Thomas v. State*, No. 06-21-00138-CR, 2022 WL 3048223, at *9 (Tex. App.—Texarkana Aug. 3, 2022, no pet.) (mem. op., not designated for publication) (citing *Cardenas* and holding that appellant had forfeited his charge-error complaint because "he provided no harm analysis other than a conclusory statement that the harm was egregious"); *Yepez v. State*, 696 S.W.3d 1, 10 (Tex. App.—Houston [1st Dist.] 2022, no pet.) (holding that appellant had forfeited charge-error complaint "by inadequately briefing the issue of harm"). Nevertheless, in our discretion, we address its merits. *See Zermeno v. State*, No. 14-19-00789-CR, 2021 WL 4472528, at *3 n.4 (Tex. App.—Houston [14th Dist.] Sept. 30, 2021, no pet.) (mem. op., not designated for publication) (exercising discretion to address issue on the merits despite appellant's inadequate briefing but admonishing that failure to comply with briefing requirements "usually results in the waiver of an issue").

/s/ Mike Wallach
Mike Wallach
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  June 11, 2026