## Manse Bogus v. The State.

### No. 5012.   Decided May 8, 1918.

**1.—Carrying Pistol—Information—Complaint—Jurat—Signature.**

Upon trial of unlawfully carrying a pistol, where it appeared that the complaint upon which the information was based was not signed by the complainant, but the jurat showed that he was sworn thereto, there was no error in permitting the complainant to sign said complaint after hearing evidence pro and con; besides, the evidence heard upon the motion to amend the complaint was not filed during term time and can therefore not be considered. Following Reyes v. State, 196 S. W. Rep., 532.

**2.—Same—Insufficiency of the Evidence.**

Where, upon trial of unlawfully carrying a pistol, the evidence was insufficient to sustain the conviction, the judgment must be reversed and the cause remanded. Prendergast, Judge, dissenting.

Appeal from the County Court of Harrison.   Tried below before the Hon. W. H. Strength.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of one hundred dollars.

The opinion states the case.

*W. T. Caven,* for appellant.—On question of amending complaint: Abbey v. State, 55 Texas Crim. Rep., 232, 115 S. W. Rep., 1191; Abernathy v. State, 52 Texas Crim. Rep., 41, 105 S. W. Rep., 185; Suddeth v. State, 100 S. W. Rep., 155.

On question of insufficiency of evidence:   Gates v. State, 200 S. W. Rep., 841; Wallace v. State, 200 S. W. Rep., 836; Waterhouse v. State, 62 Texas Crim. Rep., 551, 138 S. W. Rep., 386; Meeking v. State, 67 Texas Crim. Rep., 69, 148 S. W. Rep., 309; Kellum v. State, 147 S. W. Rep., 870.

*E. B. Hendricks,* Assistant Attorney General, for the State.—On question of amending complaint:   Boren v. State, 192 S. W. Rep., 1063; Flournoy v. State, 51 Texas Crim. Rep., 29; Sanders v. State, 52 id., 156.

PRENDERGAST, Judge.—This is an appeal from a conviction for unlawfully carrying a pistol with a fine of $100 assessed.

It appears that at the time the complaint and information were filed that the complaint was not signed by the complainant.   The jurat of the county attorney before whom the affidavit was made states that it was sworn to by the complainant.   When the case was called both sides announced ready.   The assistant county attorney discovered that the

complaint had not been signed, and called the court's attention thereto. Thereupon both sides withdrew their announcement. The appellant then made a motion to quash it because not signed. The assistant county attorney made a motion for leave to amend by having the complainant then sign it. The court heard evidence on the matter and granted the assistant county attorney's motion and overruled that of appellant. The bill presenting this question contains the evidence heard by the court at the time but it was not filed during the term time but some two weeks later, hence under the authorities this evidence can not be considered and we must conclusively presume that it justified the court's action. Reyes v. State, 81 Texas Crim. Rep., 588, and cases there cited. However, if we could consider this evidence it was sufficient, we think, to justify the court's action. The court followed the statute and decision in Adams v. State, 80 Texas Crim. Rep., 632, 192 S. W. Rep., 1067.

The testimony shows that appellant lived several miles in the country from Marshall. The State's witness Montgomery swore that he, appellant, and John Williams were at Fannie Johnson's house in Marshall on the night of December 18th and that he saw appellant there that night with a pistol. That appellant accidentally fired the pistol and shot John Williams in the leg; that there was no trouble between them. That he did not see the pistol until it was fired. Appellant testified that about a month before this Fannie Johnson, his cousin, borrowed his pistol to protect herself because he said she claimed somebody had been trying to break into her house. That he was in Marshall that day and before returning home went to her house where said other persons were as stated by Montgomery. That she told him she had no further need of the pistol and he could take it home, and that she thereupon went to her wardrobe, got the pistol, handed it to him, and that he took it on home later. He claimed to have stayed in and about the house for fifteen or twenty minutes after he had shot said boy and did not know that he had shot him, and did not learn of it until perhaps the next day. He claimed that he was standing at the door at the time he was revolving the cylinder of the pistol when it went off accidentally. Montgomery disputed him on these points. He swore he was in about the middle of the room and not at the door when the pistol was fired. That he did not see Fannie Johnson get the pistol and hand it to him as appellant claimed she had. That she was sitting at the machine for twenty or twenty-five minutes before the pistol was fired and that he did not see her leave the machine nor go to the wardrobe and get the pistol.

The writer thinks the testimony would justify the inference by the jury that appellant brought that pistol to town with him that day and that Fannie Johnson did not hand it to him as he testified, and is inclined to believe that the evidence was sufficient to sustain the conviction, in view of the verdict of the jury and the charge of the court. However, my associates are of the opinion that the State by the evidence did not show his guilt beyond a reasonable doubt. Although Fannie Johnson

was present, summoned by the State, she was not introduced as a witness.

The judgment is reversed and the cause remanded on the ground of the insufficiency of the testimony to establish appellant's guilt beyond a reasonable doubt.

*Reversed and remanded.*