Johnnie Ray BUSH, Appellant,

v.

The STATE of Texas, Appellee.

No. 62960.

Court of Criminal Appeals of Texas,
Panel No. 2.

April 28, 1982.

Kenneth D. Carden and Stuart E. Parker, Dallas, for appellant.

Henry Wade, Dist. Atty., Karen Chilton Beverly and Knox Fitzpatrick, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and CLINTON and TEAGUE, JJ.

## OPINION

ONION, Presiding Judge.

Appeal is taken from a conviction for possession of marihuana of less than four ounces but more than two ounces. In a non-jury trial appellant was convicted and his punishment was assessed at ten (10) days in jail and a fine of $100.00. Imposition of sentence was suspended and appellant was placed on probation for a period of six (6) months.

Appellant challenges the sufficiency of the evidence to sustain his conviction.

The record reveals that the vehicle appellant was driving was stopped by Officer L. F. South of the Dallas Police Department because the vehicle did not have a front license plate. Officer South took appellant's driver's license and returned to his car to check on the radio to see if there were any outstanding warrants for appellant. Apparently appellant was wanted on charges of failure to appear and speeding.

South then placed appellant under arrest and was going to release the vehicle to a female companion riding with appellant. South then determined that the companion did not have a driver's license and began an inventory search of the vehicle apparently intending to impound the vehicle.

During this inventory South found three baggies of marihuana in the glove compartment which resulted in the present conviction.

On cross-examination South testified that appellant had not tried to flee; appellant had not made any furtive gesture to hide anything; appellant did not have any contraband on his person; that there was no odor of marihuana in the car; that no marihuana remains were found in the ashtray; that there was no evidence in the baggies indicating who owned the marihuana; and, that appellant was not under influence of

marihuana at the time of his arrest. Additionally, South testified that he had not determined who was the owner of the vehicle.

To establish unlawful possession of a controlled substance, the State must prove two elements: (1) that the accused exercised care, control, and management over the contraband, and (2) that the accused knew the matter possessed was contraband. *Olguin v. State*, 601 S.W.2d 941 (Tex.Cr. App.1980); *Heltcel v. State*, 583 S.W.2d 791 (Tex.Cr.App.1979).

An accused may jointly possess narcotics or dangerous drugs with another and exclusive possession need not be shown. Mere presence alone at a place where the contraband is being used or possessed by others, however, does not justify a finding of joint possession. *Heltcel v. State*, supra. In other words, the State must show additional independent facts and circumstances which affirmatively link the accused to the contraband in such a manner that it can be concluded he had knowledge of the contraband as well as control over it. *Heltcel v. State*, supra.

The State in the present case argues that the fact that appellant was going to let the car be released to his companion is sufficient to affirmatively link him to the marihuana. We have reviewed the record and cannot find anywhere appellant stating that the car was his or that he owned the car, only that he would release it to his companion.

Absent any other proof that appellant owned the car or knew the marihuana was in the glove compartment, we must conclude that the evidence was insufficient to sustain the finding of guilt.

The judgment is reversed and the prosecution is ordered dismissed. *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).