**Freddy Samford CHRISTIAN,**
**Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 436–84.**

Court of Criminal Appeals of Texas,
En Banc.

Feb. 13, 1985.

Robert E. Richardson, Jr., Sherman, (Court appointed), for appellant.

Stephen Davidchik, County Atty. and David Wilson, Asst. County Atty., Sherman, Robert Huttash, State's Atty. and Cathleen R. Riedel, Asst. State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

CLINTON, Judge.

On appeal to the Dallas Court of Appeals appellant contended, *inter alia,* that the evidence was insufficient to sustain his conviction for unlawfully carrying a weapon under V.T.C.A. Penal Code, § 46.02, for which he was given 30 days in jail, probated, and fined $250. In an unpublished opinion the court of appeals reversed and remanded on another ground of error not relevant here, recognized its obligation nevertheless to review the sufficiency ground, see *Swabado v. State,* 597 S.W.2d 361 (Tex.Cr.App.1980), but concluded without setting forth the facts of the case that the evidence was sufficient. We granted review to examine the sufficiency question.

The facts of the case are quite simple. The State presented only one witness, the arresting officer, Terry Dunn of the Sherman Police Department. He related that at approximately 10:04 a.m. on January 11, 1983 he answered a dispatch on a suspicious vehicle call. Pursuing the call he found appellant behind the wheel of a white Ford automobile "parked on some grass" off the street on the 600 block of West Center Street in Sherman. Dunn testified that the car was "running" but not moving when he arrived at the scene. Dunn approached the automobile and obtained appellant's driver's license for identification. A routine warrant check revealed an outstanding traffic warrant. Appellant was arrested and placed in the patrol car. Proceeding to inventory the vehicle, Dunn found a pair of nun-chucks protruding two to three inches from beneath the driver's side of the front seat, with the connecting chain visible. Dunn testified that nun-chucks are a "swinging type of a club," capable of causing injury that would be "serious if not fatal in some cases."

Appellant directs our attention to the following testimony elicited from Officer Dunn on cross examination:

"Q: Now, tell the jury everything, all the evidence that you have; take a free shot; that leads you to believe that those nun-chucks, state's exhibit number one, belonged to Freddy Christian [appellant]?

A: I don't know that they do belong to him.

Q: You weren't able to find any witnesses that can tell us that he bought them?

A: It's not my place to find the witnesses, sir.

Q: You did not find any witnesses that could tell us that he made them?

A: No.

Q: And we know for a fact that the car that Mr. Christian was sitting in did not belong to Mr. Christian?

A: Correct.

Q: It belonged to Mr. Gentry; did it not?

A: Yes.

Q: That is the gentleman that came in on the crutches, the bearded gentleman? There is nothing wrong with beards, you understand; that was sworn in as a witness this morning with you?[1]

A: Yes.

Q: And I presume that in going forward with your investigation, did you at

---

**1.** Though apparently sworn in, Mr. Gentry was not called upon to testify by either the State or by appellant.

least discount that the nun-chucks belonged to Mr. Géntry?

A: No, I did not, no.

\* \* \* \* \* \*

Q: .... Again, I put it to you, on what basis did you arrest Freddy Sanford Christian for possession of this deadly weapon, the nun-chucks?

A: Because they were on or about his person.

Q: Anything else?

A: They are an illegal weapon.

Q: Anything else?

A: No."

■ Appellant would have us analyze the sufficiency of the evidence under rules we have adopted for determining the sufficiency of evidence in cases of possession of a controlled substance, and contends that this case is "squarely controlled" by *Bush v. State*, 631 S.W.2d 760, 761 (Tex.Cr.App. 1982). In cases too numerous to cite this Court has held that to establish unlawful possession of a controlled substance the State must show (1) that the accused exercised care, control and management over the contraband and (2) that the accused knew the matter possessed was contraband.[2] Furthermore, whether the State's theory is sole or joint possession, the evidence must affirmatively link the accused to the contraband in such a manner and to such an extent that a reasonable inference may arise that the accused knew of the contraband's existence and that he exer-

cised control over it. *Sinor v. State*, 612 S.W.2d 591 (Tex.Cr.App.1981) and cases cited therein. We understand appellant to argue that because the evidence in this case demonstrated that someone else owned the car he was found in, additional facts and circumstances had to be proved which would indicate his knowledge of and control over the nun-chucks.[3]

We decline, however, to equate uncritically the element of "carrying on or about [the] person" contained in § 46.02, supra,[4] with the element of unlawful "possession" prescribed in the possessory offenses listed in the Controlled Substances Act, V.T.C.A., Article 4476–15, and other possessory offenses found in the penal code.[5]

V.A.C.S., Article 5429b–2, § 2.01 provides that "[w]ords and phrases shall be read in context and construed according to the rules of grammar and common usage. Words and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly." The Legislature has given a technical meaning to the term "possession:" "actual care, custody, control, or management." V.A.P.C., § 1.07(a)(28). For possession to be considered voluntary (ergo culpable) conduct, the possessor must knowingly obtain or receive the thing possessed or be aware of his control of the thing for a sufficient time for him to terminate his control. *Id.,* § 6.01(a) and (b). Furthermore, the possessor must possess intentionally or knowing-

---

**2.** See 21 Tex.D.2d, Drugs and Narcotics § 107.

**3.** In response the State directs our attention to a case in which, using the same analysis suggested by appellant here, the en banc Court nevertheless sustained a conviction for unlawful carrying of a weapon on facts similar to those of this case. See *Hazel v. State*, 534 S.W.2d 698 (Tex. Cr.App.1976). It was not held in *Hazel* that such an analysis was necessarily appropriate in the context of a prosecution for unlawfully carrying a weapon. Rather, Presiding Judge Onion's opinion demonstrated that, even indulging the defendant's contention that a "possession" analysis was controlling, the evidence was sufficient to sustain his conviction.

For reasons developed *post,* we decline to adhere strictly to such an analysis to measure the sufficiency of evidence in a prosecution under 46.02.

**4.** Subsection (a) reads:

"(a) A person commits an offense if he intentionally, knowingly, or recklessly carries on or about his person a handgun, illegal knife, or club."

**5.** See V.A.P.C., §§ 46.05 and 47.06.

ly with respect to the nature of his conduct.[6] *Id.*, § 6.03(a) and (b).

By contrast, the phrase "carry on or about [the] person" has acquired no technical or particular meaning legislatively or otherwise. Webster's New Collegiate Dictionary (1979) defines "carry" to mean, in those aspects most appropriate to our analysis: "1: to move while supporting (as a package): TRANSPORT... 8a: to wear or have on one's person b: to bear upon or within <is [carry]ing an unborn child.> ... " Were we to apply the latter definition literally in construing § 46.02, then the word "carrying" would simply be redundant of its modifier "on or about [the] person." In order to give effect to the entire phrase it is necessary to construe "carry" to denote an element of asportation.

◼ As noted in the Practice Commentary following § 46.02, *supra*:

"Under prior [Article 483] the courts never defined 'carrying' and consequently its application is not certain. The cases indicate that carrying includes some sort of transport and *that possession alone is not carrying...*"[7]

That an element of conveyance or asportation is implicit in the act of "carrying" is demonstrated by the language of Article 483 of the old penal code, which punished the act of carrying a prohibited weapon "on or about [the accused's] person, *saddle* or in his *saddlebags*, or in his *portfolio* or *purse....*"[8] Though the Legislature omitted the more specific receptacles enumerated in the old provision when it enacted § 46.02, this may be attributed to this Court's recognition that "on or about [the] person" extends to cover at least the interior of an automobile, see *Courtney v. State*, 424 S.W.2d 440 (Tex.Cr.App.1968), which is of course the chief mode of personal transportation in present day Texas.

Thus, while cases such as *Bush v. State*, supra, may be instructive in evaluating the sufficiency of the evidence in a prosecution under § 46.02, supra, they certainly cannot be said to "control" the issue of whether the evidence proved beyond a reasonable doubt that the accused was "carrying on or about his person" one of the weapons prohibited by the statute.

It is clear from Officer Dunn's testimony that the nun-chucks found directly underneath and protruding from under the driver's seat where appellant had been sitting, were "on or about his person."[9] Furthermore there is evidence sufficient to show

---

**6.** This is what has commonly been called the second element required to be proved in possession of controlled substance cases, *viz:* that the accused knew the matter possessed was indeed contraband. See n. 2, *ante.*

**7.** See *Walker v. State*, 149 Tex.Cr.R. 438, 195 S.W.2d 363 (1946); *Henson v. State*, 134 Tex. Cr.R. 472, 116 S.W.2d 393 (1938); *Bogus v. State*, 83 Tex.Cr.R. 356, 203 S.W. 597 (1918); *Guy v. State*, 74 Tex.Cr.R. 620, 170 S.W. 303 (1914). (All emphasis is supplied by the writer of this opinion unless otherwise indicated.)

**8.** Had the Legislature chosen to apply the precisely defined term "possession" to § 46.02 in enacting the 1974 penal code, it could have enacted the version proposed in the Texas Penal Code, A Proposed Revision, State Bar Committee on Revision of the Penal Code, Final Draft (October 1970), which read:

"**Unlawful Possession of Weapon**
(a) An individual or corporation commits an offense if:
  (1) he *possesses* what he knows to be a firearm, a knife with a blade length exceeding five and one-half inches, or a club..."

The Committee Comment following this proposed revision notes:

"Subsection (a)(1) alters Penal Code art. 483 in three respects... Second, the offense is defined in terms of 'possession' rather than 'carrying.' This change, although not a significant expansion of present law, will alter the outcome of such cases as *Walker v. State*, 196 S.W.2d 363 [149 Tex.Cr.R. 438, 195 S.W.2d 363] (Tex.Crim.App.1946) (holding no unlawful carrying when defendant obtained pistol from his wife while in a bar, brandished it, but did not leave the club with it)."

Failing to enact this proposal, the Legislature seems to have evinced an intention to retain the asportation element present in the *Walker* case.

**9.** I.e., within such distance of appellant that he could get his hands on it without materially changing his position. See *Courtney v. State*, supra; *Wagner v. State*, 80 Tex.Cr.R. 66, 188 S.W. 1001 (Tex.Cr.App.1916). In the definitional section of its charge to the jury the trial court defined "about" substantially as those cases do.

appellant knew the nun-chucks were there, since, as they protruded two to three inches, with the connecting chain portion exposed, the nature and existence of the nun-chucks were open to plain view. The question remains whether or not there are sufficient facts and circumstances in the record to establish that appellant had been or was in the act of carrying, i.e., personally transporting the nun-chucks.

▪ This Court recently recognized that the ultimate "standard for review" in a circumstantial evidence case is no different than the standard for direct evidence *viz:* whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. In so doing we also confirmed the utility of the "exclusion of outstanding reasonable hypotheses" mode of analysis for applying this standard in circumstantial evidence cases. "Stated in the converse, if the evidence supports an inference other than the guilt of the appellant, a finding of guilt beyond a reasonable doubt is not a rational finding." *Carlsen v. State*, 654 S.W.2d 444, 449 (Tex.Cr.App. 1983) (Opinion on State's Motion for Rehearing).

▪ We think that the jury could reasonably infer appellant was unlawfully "carrying" the nun-chucks from the fact that he was found alone behind the wheel of an automobile which, though parked, was running. Moreover, we perceive no other reasonable inference that could be drawn from such circumstances, regardless of the ownership of the automobile or the weapon.

Under the facts and circumstances of this case, the evidence was sufficient to support the determination of the jury.

The judgment of the court of appeals is affirmed.

TEAGUE, J., dissents.

McCORMICK, Judge, concurring.

I concur with the opinion of the majority of the Court with the exception of the dicta included therein regarding "asportation". Under the law of this State, "asportation" is not a required element of the offense of unlawfully carrying a weapon and momentary possession is not a statutory defense to prosecution under V.T.C.A., Penal Code, Section 46.02.

The current penal code provides that "[a] person commits an offense if he intentionally, knowingly, or recklessly carries on or about his person a handgun, illegal knife, or club." Section 46.02, supra. Article 483 of the old penal code, the precursor section, punished "[a]ny person who shall carry on or about his person, saddle...saddlebags,...portfolio or purse any pistol, dirk, dagger, etc...." Other than adding culpable mental states to the current version in 1974, the Legislature has continuously retained this offense, substantially unchanged, since 1879. A particular form of possession—on or about the person—is prohibited. "Carrying", as such, has always been of consequence in that there are long recognized case law defenses to unlawful "carrying," now codified by the Legislature, to include members of the armed forces and national guard on official duty; peace officers, prison guards, and security guards on duty or going to and from; travelers; a person on his own premises or premises under his control; and individuals engaged in lawful hunting, fishing, or other sporting activity. See, V.T.C.A., Penal Code, Section 46.03, the practice commentary, and cases cited therein.

The plain language of the statute, however, has never required asportation, as asserted by the majority. It requires not that a weapon "be carried," but that a weapon be "carried on or about the person" to come with the ambit of its possessory prohibition. Section 46.02, supra. This distinction between the word and the phrase is crucial. Moreover, a close reading of many early cases indicates that unexcepted or indefensible possession on or about the person, not asportation, is the determining factor of conviction. See, e.g. *Pyka v. State*, 80 Tex.Cr.R. 644, 192 S.W. 1066 (1917); *Schuh v. State*, 58 Tex.Cr.R. 165, 124 S.W. 908, 909 (1910); *Sanderson v. State*, 23 Tex.App. 520, 5 S.W. 138 (1887); see also, *Linvel v. State*, 629 S.W.2d 94, 96 (Tex.App.—Dallas, 1981), and

cases cited therein; *Trimble v. State*, 132 Tex.Cr.R. 236, 104 S.W.2d 31, 34 (1937) ("when the condition that sanctions the carrying of a deadly weapon ceases, the right ceases").

Our recent cases make it crystal clear that absent a defense a weapon *possessed* on or about the person is synonymous with a weapon carried on or about the person. In *Tijerina v. State*, 578 S.W.2d 415, 416 (Tex.Cr.App.1979), we upheld against a challenge to the sufficiency of the evidence a conviction for unlawfully carrying a weapon where the defendant was found lying asleep in a parked car with a gun in his pocket. Likewise, in *Hazel v. State*, 534 S.W.2d 698, 700 (Tex.Cr.App.1976), the conviction was upheld where a gun was found on the floor of a parked car in which the defendant was sitting. Neither of these cases contain any suggestion that the weapons were moved.

Therefore, I concur in the opinion of the Court.

CAMPBELL, J., joins in this concurring opinion.