Beall v. State 




TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN








NO. 03-95-00215-CR








Burgess John Beall, Appellant




v.




The State of Texas, Appellee








FROM THE COUNTY COURT AT LAW NO. 3 OF TRAVIS COUNTY


 NO. 417769, HONORABLE DAVID CRAIN, JUDGE PRESIDING








 Appellant was convicted of unlawfully carrying a weapon ("UCW"). Tex. Penal
Code Ann. § 46.02 (West 1994). (1) After the trial court overruled his suppression motion,
appellant pleaded no contest. The court sentenced appellant to 120 days in jail and assessed a
$1,500 fine, both suspended for one year. In a single point of error, appellant alleges that the trial
court erred in overruling his suppression motion. We will affirm the judgment of conviction.



BACKGROUND


 Around seven o'clock in the morning of June 3, 1994, Conley Sullivan found
appellant in an Austin parking lot, passed out in his car and slumped over, face down, onto the
passenger side floorboard. Sullivan called EMS to the scene. Some fifteen minutes later, Officer
Perry of the Austin Police Department received a call of a "person slumped over in a vehicle" in
the Discount Tires parking lot on Ben White Boulevard. 

 When Perry arrived at the scene, appellant was standing by the rear-driver's side
of his car speaking with EMS personnel. Perry noticed a prescription medicine bottle on the
dashboard of the car. The driver's door was fully open. Perry reached in the car through the
door and took the bottle. According to Perry, as he reached inside, he observed a gun holster in
the open glove compartment. At this point, appellant pushed the EMS technician aside, "lunged"
toward Perry, and told him not to search the car. Perry pushed appellant aside, placed him in
handcuffs, radioed for back-up, and waited for Officer Crippen, the back-up officer, to arrive.

 When Crippen arrived, Perry informed him that he saw a holster in the open glove
compartment. Crippen testified that he approached the closed car door on the passenger side,
looked inside through the closed window, saw a knife on the passenger floorboard and the butt
of a pistol in the open glove compartment, opened the passenger door, and removed the weapons. 
Appellant was charged with unlawfully carrying a pistol. After the trial court overruled his
motion to suppress the pistol as evidence, appellant pleaded no contest and was convicted. 



DISCUSSION


 In a single point of error, appellant complains that the trial court erred in overruling
his motion to suppress. Appellant specifically argues that the officers illegally searched his car
and seized the handgun without a search warrant in violation of both the federal and state
constitutions. U.S. Const. amend. IV.; Tex. Const. art. I, § 9. The State responds that the
officers legally seized the pistol pursuant to the "plain view" doctrine.

 We note first that appellant does not separately brief or distinguish his federal and
state constitutional arguments. Thus, the point of error can be overruled as multifarious. 
Heitman v. State, 815 S.W.2d 681, 690-91 n.23 (Tex. Crim. App. 1991); McCambridge v. State,
712 S.W.2d 499, 502 n.9 (Tex. Crim. App. 1986), cert. denied, 495 U.S. 910 (1990). Even
considering the matter on the merits, however, we nevertheless overrule the complaint.

 At a hearing on a motion to suppress, the trial court is the sole judge of the
credibility of the witnesses and of the weight to be given to their testimony. Romero v. State, 800
S.W.2d 539, 543 (Tex. Crim. App. 1990); Carr v. State, 774 S.W.2d 379, 380 (Tex.
App.--Austin 1989, no pet.). In reviewing a ruling on a motion to suppress, the evidence is
viewed in the light most favorable to the trial court's ruling. Romero, 800 S.W.2d at 543. If the
trial judge's decision can be upheld on any theory of law applicable to the case, the ruling will
not be disturbed. Romero, 800 S.W.2d at 543.

 It is well settled that officers may seize items in "plain view" without a warrant
when (1) the officer is in a proper position to view the object, i.e., the police have a right to be
where they are when the discovery is made; and (2) it is "immediately apparent" to the police that
they have evidence before them, i.e., there exists probable cause to associate the evidence with
criminal activity. Haley v. State, 811 S.W.2d 600, 603 (Tex. Crim. App. 1991); Joseph v. State,
807 S.W.2d 303, 308 (Tex. Crim. App. 1991) (citing Horton v. California, 496 U.S. 128, 134-136 (1990)).

 In the instant cause, viewing the evidence in the light most favorable to the ruling,
Crippen looked through the car window and saw the pistol in an open glove compartment while
standing outside the car in a public parking lot. Crippen clearly had the right to stand in a public
parking lot beside the car and view its interior, thus satisfying the first criterion of the "plain
view" exception. See, e.g., Meredith v. State, 603 S.W.2d 872, 873 (Tex. Crim. App. 1980) (no
protected privacy interest when police viewed marijuana cigarette butt inside car parked in public
parking lot).

 Appellant responds that Crippen's seizure was improper because he would never
have looked into the car but for Perry's earlier unlawful entry into the car. Appellant argues that
Perry (1) had no probable cause to search the car based on his observation of a prescription pill
bottle; (2) observed the holster while conducting his illegal search; (3) only suspected that there
might be a pistol in the car based on his tainted observation of the holster; and (4) therefore
tainted Crippen's impressions such that his search was illegal, as well.

 In focusing on Perry's impressions instead of Crippen's, appellant emphasizes the
old "inadvertence" requirement of the "plain view" exception which has since been abandoned. 
Horton, 496 U.S. at 130; Haley, 811 S.W.2d at 603; Joseph, 807 S.W.2d at 308. According to
appellant, Crippen did not inadvertently view the pistol; rather, he intentionally "sought out" the
pistol because Perry warned him of its presence. Because inadvertency is no longer a required
criterion of the "plain view" exception, we find appellant's argument misplaced.

 Concerning the second criterion of the "plain view" exception, Crippen testified that he
saw a pistol in the open glove compartment of the car. Crippen's testimony established that it was
"immediately apparent" that he had evidence of a crime before him. Given that he observed a
pistol in appellant's car, Crippen was reasonably able to conclude that appellant was involved in
the criminal activity of unlawfully carrying a handgun.

 Appellant responds that Crippen did not have probable cause to associate the pistol
with any criminal activity by appellant because (1) the weapon was not found "on or about"
appellant's person; and therefore (2) there was no evidence to show that appellant "asportated"
the weapon.

 In so arguing, appellant confuses probable cause with the evidence required to
prove commission of the offense. Indeed, the case upon which appellant relies for his argument,
Christian v. State, 686 S.W.2d 930 (Tex. Crim. App. 1985), addresses the sufficiency of the
evidence to prove an UCW conviction, not whether there was probable cause to seize the
contraband. Probable cause is a flexible, common sense standard. It merely requires that the
facts available to the officer would warrant an individual of reasonable caution to believe that
certain items may be contraband or useful evidence of a crime. Texas v. Brown, 460 U.S. 730,
742 (1983); see also Joseph, 807 S.W.2d at 303. In order to establish probable cause, the State
was not required to prove conclusively every element of the offense. Taken in the light most
favorable to the ruling, Crippen's observations and impressions would have led a person of
reasonable caution to believe that the pistol was evidence of a crime.

 Having determined that the officers' seizure was valid pursuant to the "plain view"
doctrine, we overrule appellant's sole point of error.



CONCLUSION


 We affirm the trial court's judgment of conviction. 



 

 Marilyn Aboussie, Justice

Before Justices Aboussie, B. A. Smith and Dally*

Affirmed

Filed: March 13, 1996

Do Not Publish 





















* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).
1.   This offense took place before September 1, 1994 and is governed by the law in
effect at the time the offense occurred. Because the code amendments effective September
1, 1994 have no substantive effect on this offense, we cite the current code for
convenience. 



nd (4) therefore
tainted Crippen's impressions such that his search was illegal, as well.

 In focusing on Perry's impressions instead of Crippen's, appellant emphasizes the
old "inadvertence" requirement of the "plain view" exception which has since been abandoned. 
Horton, 496 U.S. at 130; Haley, 811 S.W.2d at 603; Joseph, 807 S.W.2d at 308. According to
appellant, Crippen did not inadvertently view the pistol; rather, he intentionally "sought out" the
pistol because Perry warned him of its presence. Because inadvertency is no longer a required
criterion of the "plain view" exception, we find appellant's argument misplaced.

 Concerning the second criterion of the "plain view" exception, Crippen testified that he
saw a pistol in the open glove compartment of the car. Crippen's testimony established that it was
"immediately apparent" that he had evidence of a crime before him. Given that he observed a
pistol in appellant's car, Crippen was reasonably able to conclude that appellant was involved in
the criminal activity of unlawfully carrying a handgun.

 Appellant responds that Crippen did not have probable cause to associate the pistol
with any criminal activity by appellant because (1) the weapon was not found "on or about"
appellant's person; and therefore (2) there was no evidence to show that appellant "asportated"
the weapon.

 In so arguing, appellant confuses probable cause with the evidence required to
prove commission of the offense. Indeed, the case upon which appellant relies for his argument,
Christian v. State, 686 S.W.2d 930 (Tex. Crim. App. 1985), addresses the su