Affirmed and Opinion filed October 10, 2002
















Affirmed and
Opinion filed October 10, 2002.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-01-01250-CR

_______________

 

LATEEF KAMAAL
WILLIAMS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

___________________________________________________

 

On Appeal from 182nd District Court

Harris County, Texas

Trial Court Cause No. 880,286

___________________________________________________

 

O P I N I O N

            In four points of error, Lateef Kamaal Williams, appeals a
conviction for possession of a controlled substance, phencyclidine (PCP), with
intent to deliver.  Specifically, he
contends the trial court’s failure to suppress the PCP violates the Fourth
Amendment of the U.S. Constitution and Article I, section 9 of the Texas
Constitution.  He further contends that
the evidence is legally and factually insufficient to support the trial court’s
conviction.  We affirm.  




 

Facts

            Deputy J. M. Palermo of the Harris
County Sheriff’s Department stopped appellant for failure to wear a seatbelt
and an expired inspection sticker.  He
immediately noticed appellant making fast movements and fidgeting in his
car.  Upon approaching the car, Deputy
Palermo could see that appellant’s hands were near the center console, and he
could smell burnt marijuana.  The deputy
detained appellant in his patrol car while he performed a search of appellant’s
car.  Inside the center console, the
deputy found a vanilla extract bottle containing a fluid, later identified as
PCP.  Dennis Green, with the Houston
Police Department crime laboratory, testified that the vanilla extract bottle
contained 8.3 grams of PCP.  He further
testified that this amount could either be sold or used for personal
consumption.  Appellant alleges that he
was wearing his seatbelt, the car was that of his girlfriend, and that it was
not his PCP.  

Motion to
Suppress

            In his first and second issues,
appellant contends the trial court erred in overruling his motion to suppress
the PCP.  Specifically, he argues that
the deputy had neither reasonable suspicion to stop the car nor probable cause
to search it.  

            We review a trial court’s ruling on
a motion to suppress for abuse of discretion. 
Alvarado v.
State, 853 S.W.2d 17, 23 (Tex. Crim. App. 1993).  In reviewing a trial court’s ruling on a
motion to suppress, we give great deference to the trial court’s determination
of historical facts that the record supports. 
Guzman v. State,
955 S.W.2d 85 (Tex. Crim. App. 1991).  The court must afford the same amount of
deference to the trial court’s rulings on “mixed question of law and fact,”
such as the issue of probable cause, if the resolution of those ultimate
questions turns on an evaluation of credibility and demeanor.  Id. at 89.  A question
“turns” on an evaluation of credibility and demeanor when the testimony of one
or 

 class=Section2>

more
witnesses, if believed, is always enough to equal what is needed to decide the
substantive issue.  Loserth v. State, 963 S.W.2d
770, 773 (Tex. Crim. App. 1998). 

            Appellant does not deny that driving
without a seatbelt and with an expired inspection sticker provide reasonable
suspicion to stop.  To the contrary, it
is a well-established principle that a peace officer may stop, detain, and
briefly question a person for a traffic violation.  Terry v. Ohio, 392 U.S. 1, 88 S. Ct. 1868 (1968).  

            Appellant instead urges that he wore
his seatbelt until being stopped, but that he took it off in anticipation that
he would be asked to step out of the car. 
Additionally, he argues that the car had “paper plates,” which would be
as good as an inspection sticker. 
Further, the owner of the car did testify that the sticker was
expired.  In contrast to appellant’s
testimony, Deputy Palermo testified that appellant was not wearing his seatbelt
before he initiated the stop.  

            Thus, the trial court was faced with
two different versions of the facts. 
Given its ruling, the trial court necessarily believed the officer’s
testimony and not that of appellant. In accepting the historical facts as found
by the trial court, we conclude appellant was driving without a seatbelt or
valid inspection sticker; thus reasonable suspicion existed to stop him.  We therefore overrule appellant’s first point
of error.  

            We next address appellant’s
contention that Deputy Palermo lacked probable cause to search the car.  The odor of marijuana alone is sufficient to
establish probable cause, allowing the search of a person, car, or objects
within the car.  Isam v. State, 582 S.W.2d
441, 444 (Tex. Crim. App. 1979).  Although no marijuana was found, Deputy
Palermo smelled marijuana emanating from the car.  Appellant argues that even if marijuana had
been smoked in the car, the smell would have dissipated because the windows
were down and fresh air blew through the car. 
Appellant wants us to accept his rendition of the facts.  However, we are bound to review the evidence
in the light most favorable to the trial court’s ruling.  Carmouche v. State, 10 S.W.3d 323,
327–28 (Tex. Crim. App. 2000).  

            Accepting the deputy’s facts as
true, the odor of burning marijuana provided probable cause to search the
car.  Accordingly, we hold the trial court
did not abuse its discretion overruling appellant’s motion to suppress.  Appellant’s second point of error is
overruled.

Legal and
Factual Sufficiency

            In his third and fourth points of
error, appellant claims the evidence is legally and factually insufficient to
support the conviction, for the reason that there is not sufficient proof that
he possessed the bottle containing PCP. 
When reviewing the legal sufficiency of the evidence, we must view the
evidence in a light most favorable to the verdict and determine whether any
rational trier of fact could have found the essential
elements of the offense beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319 (1979); Wilson v. State, 7 S.W.3d
136, 141 (Tex. Crim. App. 1999).  In conducting this review, we do not engage
in a second evaluation of the weight and credibility of the evidence, but only
ensure that the jury reached a rational decision.  Muniz v. State, 851 S.W.2d 238, 246 (Tex. Crim.
App. 1993).

            In order to
prove unlawful possession of a controlled substance, the state must show that
the defendant exercised care, custody, and control of the substance, and that
he knew the substance was contraband.  Cude v. State, 716 S.W.2d 46, 47 (Tex. Crim. App. 1986). 
Appellant argues that the state did not prove that appellant possessed
the bottle containing PCP.  To support
this contention, appellant argues (1) the car belonged to his girlfriend; (2)
the bottle was not found on his person; (3) no fingerprints were found on the
bottle; and (4) there was no other drug paraphernalia found.  

            When the accused is not in exclusive
possession of the place where the contraband is found, additional independent
facts and circumstances must be shown that affirmatively link appellant to the
contraband.  Id.  While mere presence at the scene is not
sufficient to 

 class=Section3>

establish
unlawful possession of a controlled substance, evidence which affirmatively
links the defendant to the controlled substance will suffice to prove that he
possessed it knowingly.  McGoldrick v. State, 682 S.W.2d
573, 578–79 (Tex. Crim. App. 1985).  The
affirmative link must raise a reasonable inference that the accused knew of and
controlled the contraband. Christian v. State, 686 S.W.2d 930, 932 (Tex. Crim.
App. 1985).  Affirmative links
between a defendant and illegal drugs may include: the defendant’s presence
when the drugs are found; whether the drugs or other contraband were in plain
view; the defendant’s proximity to and the accessibility of the drugs; whether
the defendant was under the influence of drugs when the drugs were found;
whether the defendant possessed other contraband or drug paraphernalia; whether
the defendant made incriminating statements or furtive gestures or tried to
flee; whether there was any noticeable drug odor; whether the defendant had the
right to possess the place where the drugs were found; and whether that place
was enclosed.  See Hyett v. State, 58 S.W.3d 826, 830 (Tex. App.—Houston [14th Dist.] 2001,
pet. ref’d.); Martinets
v. State, 884 S.W.2d 185, 188 (Tex. App.—Austin 1994, no writ); Villarreal v. State, 865 S.W.2d 501,
503–04 (Tex. App.—Corpus Christi 1993, writ ref’d).

            Appellant was alone when stopped and
there was a noticeable odor of marijuana. 
His hands were near the center console of the car where the contraband
was later found.  He was sitting in the
driver’s seat in close proximity to and having easy access to the
contraband.  Only appellant and his
girlfriend drove the car, and she testified the PCP was not hers.  Furthermore, appellant’s furtive behavior
indicated his consciousness of guilt. 
The above facts provide legally sufficient evidence affirmatively linking
appellant and the PCP.  Accordingly we
overrule appellant’s third point of error. 


            Next appellant attacks the factual
sufficiency of the evidence by arguing that Deputy Palermo lied about the smell
of burnt marijuana.  He claims that he
was not found to be under the influence of marijuana, and that no marijuana was
found in the car or on his person. 

            In reviewing the factual sufficiency
of the evidence, we view all the evidence in a neutral light, both for and
against the finding, and set aside the verdict only if “proof of guilt is so
obviously weak as to undermine confidence in the jury’s determination, or the
proof of guilt, although adequate if taken alone, is greatly outweighed by
contrary proof.”  Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim.
App. 2000).  We review the
fact finder’s weighing of the evidence and are authorized to disagree with the
fact finder’s determination.  Clewis v. State, 922 S.W.2d
126, 133 (Tex. Crim. App. 1996).  Our review, however, must be appropriately
deferential so as to avoid substituting our own judgment for that of the fact
finder.  Jones v. State, 944 S.W.2d 642, 648
(Tex. Crim. App. 1996).

            Appellant took his girlfriend to
work at 8:00 a.m., and she testified
that she could not smell marijuana at that time.  Appellant testified that only he and his
girlfriend drove the car and that neither had smoked marijuana.  To support his position further, he claims
that because the air conditioning was broken, the windows were down, which
would have made smelling marijuana factually impossible.  Again, in contrast, Deputy Palermo testified
that when he stopped appellant, he could smell burnt marijuana.  

            The jury was the sole judge of the
witnesses’ credibility.  During his
testimony, appellant acknowledged that he had six prior convictions, two of
which were for delivery of a controlled substance.  Although marijuana was not located in the
car, the jury apparently believed the testimony of the deputy.  The deputy testified that the car had cloth
seats that could have trapped the scent. 
Appellant was arrested four hours after taking his girlfriend to work,
which helps explain why she did not smell marijuana.  We hold that the proof of guilt is not so
obviously weak as to undermine confidence in the jury’s verdict.  For these reasons we overrule appellant’s
fourth point of error.  




            Accordingly, the judgment of the trial court is
affirmed.

 

                                                                                    

                                                                        /s/        Charles W. Seymore

                                                                                    Justice

 

Judgment rendered
and Opinion filed October 10, 2002.

Panel consists of
Justices Edelman, Seymore and Guzman.

Do Not Publish — Tex. R. App. P. 47.3(b).