COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-439-CR
 
 
CARROL 
THOMAS HARKNESS                                                APPELLANT
 
V.
 
THE 
STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM 
COUNTY CRIMINAL COURT NO. 2 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Carrol Thomas Harkness appeals from his conviction by a jury for unlawfully 
carrying a weapon, a Class A misdemeanor.  The court assessed Appellant’s 
punishment at 365 days’ confinement in the Tarrant County Jail, and a $1,000 
fine; imposition of sentence was suspended and Appellant was placed on community 
supervision for 24 months.  We affirm.
Background
        Appellant 
and Marzelle Harkness were married for 32 years prior to their divorce, which 
Marzelle acknowledged was “bitter.”  During their marriage, Appellant 
was not disabled but after the divorce he began using a wheelchair in April 
2001.  On December 13, 2002, Appellant called Marzelle where she worked at 
the Haltom City Animal Hospital.  During the phone call, Appellant said he 
had a gun and threatened to shoot out the windows of the office and the cars 
that were in the parking lot because Marzelle had not returned a bronze statue 
to him.  Appellant sounded very irate and emotional.  When Appellant 
drove into the parking lot of the animal hospital, Marzelle called “911“ 
because Appellant kept telephoning her office from the parking lot and he 
sounded hysterical.
        Officers 
Williams and Reed responded to Marzelle’s “911“ call.  They 
approached Appellant’s truck and asked him whether he had a weapon, and he 
said he did.  He told the officers several times to “go ahead and shoot 
me.”  When asked where the weapon was, Appellant said the weapon was 
under the passenger’s seat of the pickup.  The officers located a .357 
caliber, six-round handgun that was four to six inches underneath the front of 
the passenger’s seat, just to the passenger’s side of the transmission on 
the floorboard, three and a half feet from where Appellant was sitting.  
The front seat where Appellant was sitting was a bench seat with a center 
console, and Officer Williams testified that it is possible that Appellant could 
have reached the gun from where he was sitting.  The gun was in a holster 
and the officers also found a box of ammunition.  Appellant’s truck was 
equipped for someone who does not have the use of his legs and in the back of 
the truck was a crane-type device that appeared to be holding a wheelchair. 
Officer Reed testified that Appellant was capable of moving his hands and arms.
Sufficiency Of 
The Evidence
        In 
two points on appeal, Appellant contends the evidence is legally and factually 
insufficient to support his conviction because the evidence demonstrates that 
Appellant could not have reached the weapon without materially changing his 
position; therefore, the weapon was not on or about his person.
        Section 
46.02 of the penal code provides that a person commits an offense if he 
intentionally, knowingly, or recklessly carries on or about his person a 
handgun.  Tex. Penal Code Ann. 
§ 46.02 (Vernon 2003).  The jury was instructed that “about his 
person” means “near by, close at hand, convenient of access, and within such 
distance of the party so having it as that such party could, without materially 
changing his position, get his hand on it.”  See Christian v. State, 
686 S.W.2d 930, 933-34 & n.9 (Tex. Crim. App. 1985) (holding that weapon 
found directly underneath and protruding from under driver's seat where 
appellant had been sitting was “on or about his person,” i.e., “within 
such distance of appellant that he could get his hands on it without materially 
changing his position”).
        Appellant 
acknowledges that the interior of an automobile generally qualifies as “on or 
about the person,” but he asserts the evidence is insufficient in the instant 
case because his handicapped condition would have prevented him from reaching 
the gun.
        In 
reviewing the legal sufficiency of the evidence to support a conviction, we view 
all the evidence in the light most favorable to the verdict in order to 
determine whether any rational trier of fact could have found the essential 
elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Burden v. State, 55 
S.W.3d 608, 612 (Tex. Crim. App. 2001).  This standard gives full play to 
the responsibility of the trier of fact to resolve conflicts in the testimony, 
to weigh the evidence, and to draw reasonable inferences from basic facts to 
ultimate facts. Jackson, 443 U.S. at 319, 99 S. Ct. at 2789.  When 
performing a legal sufficiency review, we may not sit as a thirteenth juror, 
re-evaluating the weight and credibility of the evidence and, thus, substituting 
our judgment for that of the fact finder.  Dewberry v. State, 4 
S.W.3d 735, 740 (Tex. Crim. App. 1999), cert. denied, 529 U.S. 1131 
(2000).
        The 
court of criminal appeals has recently restated and clarified the standard of 
review to be used by appellate courts in reviewing the factual sufficiency of 
the evidence to support a conviction.  In Zuniga v. State, the court 
held:
There 
is only one question to be answered in a factual sufficiency review:  
Considering all of the evidence in a neutral light, was a jury rationally 
justified in finding guilt beyond a reasonable doubt?  However, there are 
two ways in which the evidence may be insufficient.  First, when considered 
by itself, evidence supporting the verdict may be too weak to support the 
finding of guilt beyond a reasonable doubt.  Second, there may be both 
evidence supporting the verdict and evidence contrary to the verdict.  
Weighing all the evidence under this balancing scale, the contrary evidence may 
be strong enough that the beyond-a-reasonable-doubt standard could not have been 
met, so the guilty verdict should not stand.  This standard acknowledges 
that evidence of guilt can “preponderate” in favor of conviction but still 
be insufficient to prove the elements of the crime beyond a reasonable doubt.  
Stated another way, evidence supporting guilt can “outweigh” the contrary 
proof and still be factually insufficient under a beyond-a- reasonable-doubt 
standard.

 
No. 
539-02, 2004 WL 840227, at *7 (Tex. Crim. App. Apr. 21, 2004).
        To 
make a determination of factual insufficiency, a complete and detailed 
examination of all the relevant evidence is required.  Johnson v. State, 
23 S.W.3d 1, 12 (Tex. Crim. App. 2003).  A proper factual sufficiency 
review must include a discussion of the most important and relevant evidence 
that supports the appellant’s complaint on appeal.  Sims v. State, 
99 S.W.3d 600, 603 (Tex. Crim. App. 2003).
        We 
have previously detailed all the evidence regarding whether the gun was located 
“on or about Appellant’s person” inside his truck.  The police 
officers testified that Appellant was driving a truck that was equipped for a 
handicapped person, and Appellant’s ex-wife acknowledged that Appellant was 
disabled and used a wheelchair.  Appellant did not testify at trial. 
Officer Williams stated that the handgun was located four to six inches 
underneath the front of the passenger’s seat on the floorboard, three and a 
half feet from where Appellant was sitting.  The front seat where Appellant 
was sitting was a bench seat with a center console.  Officer Reed testified 
that Appellant was capable of moving his hands and arms, and Officer Williams 
testified that it is possible that Appellant could have reached the gun from 
where he was sitting.  Having reviewed all the evidence, we conclude the 
evidence established that the gun was located within such distance of Appellant 
that he could get his hands on it without materially changing his position.  
See Flores v. State, 895 S.W.2d 435, 445-46 (Tex. App.—San Antonio 
1995, no pet.) (holding evidence of guns found in unlocked console beside the 
driver's seat and in paper bag behind the driver's seat was sufficient to show 
guns were within appellant's easy reach, thus satisfying the “on or about the 
person” element of crime of unlawfully carrying a weapon).[2]  
Accordingly, we find the evidence legally and factually sufficient and we 
overrule both of Appellant’s points on appeal.
Conclusion
        Having 
found the evidence is legally and factually sufficient to support Appellant’s 
conviction, we affirm the judgment of the trial court.
 
                                                                  PER 
CURIAM
 
 
PANEL 
B:   HOLMAN, GARDNER, and WALKER, JJ.
 
DO 
NOT PUBLISH           [Ordered Published June 24, 2004]
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
May 13, 2004

 
NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
See also Hendricks v. State, No. 05-01-00323-CR, 2002 WL 1981361, 
at *1-2 (Tex. App.—Dallas Aug. 29, 2002, pet. ref’d) (not designated for 
publication) (holding evidence sufficient to show weapon was “on or about” 
appellant’s person when officer found handgun beneath flap of carpet behind 
passenger seat of appellant’s car, and officer testified handgun was within 
arm’s reach of appellant when he was seated in driver’s seat).